QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  Claude M. Stern (Bar No. 96737)
  claudestern@quinnemanuel.com
  Evette D. Pennypacker (Bar No. 203515)
  evettepennypacker@quinnemanuel.com
  Andrea Pallios Roberts (Bar No. 228128)
  andreaproberts@quinnemanuel.com
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California  94065-2139
Telephone:    (650) 801-5000
Facsimile:     (650) 801-5100

Attorneys for Defendants The Walt Disney Company, Walt Disney Pictures, Disney Book Group, LLC, Pixar, and Disney Enterprises, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Deborah J. Thomas,<br><br>        Plaintiff,<br><br>    vs.<br><br>The Walt Disney Company, Walt Disney Studios, Disney Press, Pixar Animation Studios, Walt Disney Feature Animation, Walt Disney Pictures, Disney Enterprises, Inc., and DOES 1 through 100, Inclusive,<br><br>        Defendants. | CASE NO. 107 CV 086977<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; [PROPOSED] ORDER GRANTING MOTION TO DISMISS**<br><br>Date:    October 18, 2007<br>Time:   10:00 a.m.<br>Place:   Courtroom B, 15th Floor<br>Judge:  Magistrate Judge Maria-Elena James |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on October 18, 2007 at 10:00 a.m., or as soon thereafter as the matter may be heard, in the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, California 94102, Defendants The Walt Disney Company, Walt Disney Pictures (also sued as Walt Disney Studios and Walt Disney Feature Animation), Disney Book Group, LLC (sued as Disney Press), Pixar (sued as Pixar Animation Studios), and Disney Enterprises, Inc. (collectively "Defendants") , and each of them separately, will and hereby do move the Court for

09177/2208661.1

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; [PROPOSED] ORDER GRANTING MOTION TO DISMISS

an order dismissing with prejudice Plaintiff Deborah J. Thomas' ("Plaintiff's") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).

This motion to dismiss with prejudice is made on three independent grounds: (1) Plaintiff's claim for relief under California Business & Professions Code § 17200 is preempted by Section 301 of the Copyright Act (17 U.S.C. § 101 et seq.) and must be dismissed because the sole alleged injury is Defendants' alleged copying of her "original literary work"; (2) even if Plaintiff had filed a copyright claim, this Court would lack subject matter jurisdiction over that claim because she fails to allege that she registered or sought to register her alleged copyright (17 U.S.C. § 411(a)); (3) even if Plaintiff were able to allege a copyright infringement claim, it would be time barred (17 U.S.C. § 507); and (4) even if Plaintiff's unfair competition claim were not preempted, it would be time barred (Cal. Bus. & Prof. Code §17208).

This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities filed concurrently herewith, the Request for Judicial Notice (and associated authenticating declaration) filed herewith, the pleadings and other papers on file in this action, and such additional evidence as may be presented at or before the hearing.

DATED: August 31, 2007              QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP


By /s/ Claude M. Stern
Claude M. Stern
Attorneys for Defendants The Walt Disney Company, Walt Disney Pictures, Disney Book Group, LLC, Pixar, and Disney Enterprises, Inc.

09177/2208661.1

-2-
NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; [PROPOSED] ORDER GRANTING MOTION TO DISMISS

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................. 1

BACKGROUND ......................................................................................................................... 1

I.     PLAINTIFF'S ALLEGATIONS ..................................................................................... 1

II.    PROCEDURAL HISTORY ............................................................................................ 2

ARGUMENT ............................................................................................................................... 2

I.     PLAINTIFF'S SECTION 17200 CLAIM SHOULD BE DISMISSED BECAUSE IT IS PREEMPTED BY THE COPYRIGHT ACT. ........................................................... 3

     A.    The Work at Issue Comes Within the Subject Matter of Copyright. ..................... 3

     B.    The Rights Plaintiff Seeks to Protect are "Equivalent" to Copyright Rights. ........ 4

         1.    Plaintiff's Complaint Contains Only Copyright Allegations ...................... 4

         2.    Plaintiff Does Not and Cannot Allege an Extra Element to Prevent Preemption. ................................................................................................. 5

II.    EVEN IF PROPERLY STYLED AS A COPYRIGHT INFRINGEMENT CASE, PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE PURSUANT TO RULE 12. ............................................................................................... 7

     A.    This Court Would Lack Subject Matter Jurisdiction Over A Copyright Claim. ........................................................................................................................ 7

     B.    Plaintiff's Action is Time Barred. .......................................................................... 8

CONCLUSION .......................................................................................................................... 10

09177/2208661.1

-i-

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; [PROPOSED] ORDER GRANTING MOTION TO DISMISS

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Aagard v. Palomar Builders, Inc.*,
  344 F. Supp. 2d 1211 (E.D. Cal. 2004) .................................................................. 5, 6

*Dastar v. Twentieth Century Fox*,
  539 U.S. 23 (2003) ........................................................................................................ 6

*Del Madera Props v. Rhodes and Gardner, Inc.*,
  820 F.2d 973 (9th Cir. 1987) ........................................................................................ 4

*Dielsi v. Falk*,
  916 F. Supp. at 985 (C.D. Cal. 1996) ........................................................................... 7

*Goldberg v. Cameron*,
  482 F. Supp. 2d 1136 (N.D. Cal. 2007) ........................................................ 2, 3, 4, 5, 6, 8

*Kodadek v. MTV Networks, Inc.*,
  152 F.3d 1209 (9th Cir. 1998) ............................................................................ 3, 4, 5, 6

*Kourtis v. Cameron*,
  419 F.3d 989 (9th Cir. 2005) ........................................................................................ 8

*Kurokawa v. Blum*,
  199 Cal. App. 3d 976 (1988) ........................................................................................ 5

*Polar Bear Productions, Inc. v. Timex Corp.*,
  384 F.3d 700 (9th Cir. 2004) ........................................................................................ 8

*Pollstar v. Gigmania Ltd.*,
  170 F. Supp. 2d 974 (E.D. Cal. 2000) .......................................................................... 4

*Roley v. New World Pictures, Ltd.*,
  19 F.3d 479 (9th Cir. 1994) .......................................................................................... 8

*Smith & Hawkin, Ltd. v. Gardendance, Inc.*,
  2004 WL 2496163 (N.D. Cal. 2004) ............................................................................ 5

*Summit Mach. Tool Mfg. Corp. v. Victor CNC Sys., Inc.*,
  7 F.3d 1434 (9th Cir. 1993) .......................................................................................... 4

**Statutes**

17 U.S.C. § 101 et seq. .......................................................................................................... 2

17 U.S.C. § 102(a) ................................................................................................................. 3

17 U.S.C. § 301(a) ................................................................................................................. 3

09177/2208661.1

-ii-

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; [PROPOSED] ORDER GRANTING MOTION TO DISMISS

| | |
|---|---|
| 17 U.S.C. § 411(a) | 2, 7 |
| 17 U.S.C. § 507 | 2, 8, 10 |
| 28 U.S.C. § 1388(a) | 3 |
| Cal. Bus. & Prof. Code § 17200 | 1, 2 |
| Cal. Bus. & Prof. Code §17208 | 2, 10 |
| Cal. Code Civ. Proc. § 339(a) | 5 |
| Fed. R. Civ. P. 12(b)(1) | 2, 7 |
| Fed. R. Civ. P. 12(b)(6) | 2, 3, 6, 10 |

09177/2208661.1

-iii-

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; [PROPOSED] ORDER GRANTING MOTION TO DISMISS

## MEMORANDUM OF POINTS AND AUTHORITIES

### Preliminary Statement

Plaintiff seeks to avoid incurable flaws in her lawsuit against Defendants by pleading what can only be a copyright infringement claim (though time-barred) as an action for state law unfair competition under California Business & Professions Code § 17200. Plaintiff's effort fails. On the face of the Complaint, Plaintiff alleges that she sent her "original literary work to Defendants," and that "Defendants, and each of them, copied Plaintiff's said original work and incorporated it into a movie created, produced, distributed and sold by Defendants . . . entitled 'Finding Nemo.'" These allegations are the very essence of a copyright infringement claim. Understandably, Plaintiff did not bring such a federal cause of action based on a motion picture that was released more than <u>four years ago</u> because she knows it would fail as a matter of law under the Copyright Act's 3-year statutory bar. Instead, Plaintiff sued Defendants for state law unfair competition, which has a four-year statute of limitations. Because Plaintiff seeks relief for a wrong that can only be addressed by federal law, her state law claim is preempted and must be dismissed.

Even if Plaintiff had asserted a copyright claim, she could not have avoided a motion to dismiss. First, Plaintiff did not allege she ever sought copyright registration for her original literary work, a circumstance that would render this Court without subject matter jurisdiction over a copyright claim. And a copyright claim would be independently barred because such an action would have accrued more than four years ago, well beyond the applicable three-year limitations period.

Plaintiff has not stated and cannot state a valid claim for relief, even with an opportunity to amend. For this reason, the Complaint should be dismissed with prejudice.

### Background

### I.  PLAINTIFF'S ALLEGATIONS

Plaintiff claims she "created an original literary work entitled 'Squisher the Fish'" in the summer of 2000. (Complaint, ¶ 11.) She further asserts that she submitted this "original literary work" to Defendants on April 6, 2001 for the purpose of selling it for use as a movie, published book, television show, game, or other commercial application. (*Id.*, ¶ 12.) According to Plaintiff,

09177/2208661.1

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; [PROPOSED] ORDER GRANTING MOTION TO DISMISS

she simply submitted her work to Defendants on her own accord without any further communication. (*See id.*)

Plaintiff claims Defendants "kept and reviewed said original work until approximately June 22, 2001" (Complaint, ¶ 13), and that "[d]uring the time Defendants had [her] original literary work in their possession" they "copied" it and "incorporated it" into their motion picture entitled "Finding Nemo" (*id.*, ¶ 14), which she alleges was first released and shown to the public on May 30, 2003 (*id.*, ¶ 15). Plaintiff also claims that after May 30, 2003, Defendants incorporated her "original literary work" into a game entitled "Squisher." (*Id.*, ¶ 16.)

Plaintiff complains that "Finding Nemo" and "Squisher" do not give her credit for having been the author of those works. (*Id.*, ¶ 19.) Amazingly, she alleges now, in 2007, more than four years after the publication and release of Disney's motion picture and alleged game, that she is entitled to profits from that hugely popular 2003 motion picture, which she claims achieved gross receipts of nearly $1 billion and profits in the hundreds of millions of dollars. (*Id.*, ¶¶ 17, 18.) According to Plaintiff, Defendants' conduct constitutes an unlawful, unfair, or fraudulent business practice, in violation of California Business & Professions Code § 17200. (*Id.*, ¶¶ 20-24.)

## II. PROCEDURAL HISTORY

Plaintiff filed her Complaint against Defendants in the Superior Court of California, County of Santa Clara on May 29, 2007. She served Defendants with the summons and Complaint on July 27, 2007. On August 24, 2007, Defendants timely removed Plaintiff's lawsuit to this Court on the ground that her state law unfair competition claim is preempted by the federal Copyright Act.

## Argument

Where, as here, the plaintiff can prove no set of facts to support her claim which would entitle her to relief, the complaint should be dismissed. Fed. R. Civ. P. 12(b)(6); *Goldberg v. Cameron*, 482 F. Supp. 2d 1136, 1147 (N.D. Cal. 2007). The complaint should also be dismissed if the federal court lacks jurisdiction over the subject matter of the cause of action. Fed. R. Civ. P. 12(b)(1). Here, Plaintiff's Complaint <u>both</u> fails to state a claim upon which relief can be granted

09177/2208661.1

-2-

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; [PROPOSED] ORDER GRANTING MOTION TO DISMISS

and alleges a claim over which this Court lacks subject matter jurisdiction. Accordingly, Plaintiff's Complaint should be dismissed with prejudice.

## I. PLAINTIFF'S SECTION 17200 CLAIM SHOULD BE DISMISSED BECAUSE IT IS PREEMPTED BY THE COPYRIGHT ACT.

Plaintiff's unfair competition claim fails to state a claim upon which relief can be granted, and her Complaint should be dismissed. Fed. R. Civ. P. 12(b)(6). The allegations in Plaintiff's Complaint are nothing more than a disguised claim for copyright infringement, and her unfair competition claim is therefore squarely preempted by federal law. Section 301 of the Copyright Act provides that "all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright . . . are governed exclusively by this title. [N]o person is entitled to any such right or equivalent right in any work under the common law or statutes of any State." 17 U.S.C. § 301(a); 28 U.S.C. § 1388(a) (federal courts have exclusive jurisdiction over copyright cases).

Thus, a state law cause of action is preempted by the Copyright Act if (1) the work involved falls within the "subject matter" of the Copyright Act *and* (2) the rights that the plaintiff asserts under state law are "rights equivalent" to those protected by the Copyright Act. *Kodadek v. MTV Networks, Inc.*, 152 F.3d 1209, 1212 (9th Cir. 1998); *Goldberg*, 482 F. Supp. 2d at 1151 (quoting *Kodadek*, 152 F.3d at 1212). Plaintiff's unfair competition claim satisfies both elements.

### A.  The Work at Issue Comes Within the Subject Matter of Copyright.

Plaintiff's alleged work plainly comes within the subject matter of copyright. *See* 17 U.S.C. § 301(a); *Kodadek*, 152 F.3d at 1213; *Goldberg*, 482 F. Supp. 2d at 1151. The Copyright Act protects literary works fixed in a tangible medium of expression from which they can be perceived, reproduced or otherwise communicated. 17 U.S.C. § 102(a). In her Complaint, Plaintiff alleges she "created an original literary work entitled 'Squisher the Fish'" in the summer of 2000. (Complaint, ¶ 11.) She further alleges that Defendants "kept and reviewed" her "original literary work" from April 6, 2001 through June 22, 2001 and "copied" and "incorporated" that work. (*Id.*, ¶¶ 11-14, 16, 19.) Based on Plaintiff's own allegations, her work was "fixed in a tangible medium of expression from which they can be perceived, reproduced or otherwise

09177/2208661.1

-3-

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; [PROPOSED] ORDER GRANTING MOTION TO DISMISS

communicated." Accordingly, Plaintiff's alleged work falls within the "subject matter" of the Copyright Act.

### B. The Rights Plaintiff Seeks to Protect are "Equivalent" to Copyright Rights.

Plaintiff's allegations also meet the second part of the preemption test because the rights Plaintiff asserts are "equivalent" to those protected by the Copyright Act. *Kodadek*, 152 F.3d at 1212; *Goldberg*, 482 F. Supp. 2d at 1151. The Complaint only contains copyright infringement allegations and is devoid of an "extra element" that would take this lawsuit outside the umbrella of the Copyright Act. *See Del Madera Props v. Rhodes and Gardner, Inc.,* 820 F.2d 973, 977 (9th Cir. 1987)(overruled on other grounds); *Summit Mach. Tool Mfg. Corp. v. Victor CNC Sys., Inc.*, 7 F.3d 1434, 1440 (9th Cir. 1993); *Pollstar v. Gigmania Ltd.*, 170 F.Supp.2d. 974, 979 (E.D. Cal. 2000).

#### 1. Plaintiff's Complaint Contains Only Copyright Allegations.

The Copyright Act grants rights "to reproduce the copyrighted work in copies," "to prepare derivative works based upon the copyrighted work," "to distribute copies . . . to the public," and "to display the copyrighted work publicly." *Kodadek*, 152 F.3d at 1213 (citing 17 U.S.C. § 106). Plaintiff alleges Defendants "***copied*** Plaintiff's original work and incorporated it into a movie ***created, produced, distributed and sold*** by Defendants . . . entitled 'Finding Nemo.'" (Complaint, ¶ 14) (emphasis added). She further alleges Defendants "incorporated [her] original work into a game ***created, marketed and sold*** by Defendants . . . entitled 'Squisher.'" (*Id.*, ¶ 16) (emphasis added). And, according to Plaintiff, neither "Finding Nemo" nor "Squisher" "gives [her] credit for having been the author of the original work that was ***copied*** by Defendants . . . and incorporated into said movie and game." (*Id.*, ¶ 19) (emphasis added). These are copyright allegations.

Under nearly identical circumstances, courts have held that Section 17200 claims are preempted by the Copyright Act. For example, in *Kodadek*, plaintiff alleged defendants published and placed on the market for sale products bearing images subject to plaintiff's copyright. *Kodadek*, 152 F.3d at 1212-13. Defendants had purportedly "released a cartoon derived from his drawings without his authorization and released merchandise derived from his drawings without his authorization." *Id.* Under these facts, the Ninth Circuit held plaintiff's unfair competition

claim was preempted. *Id.* at 1213. Similarly, in *Goldberg*, the court granted the defendant's motion to dismiss for failure to state a claim upon which relief could be granted because his unfair competition claim sought recovery for alleged misappropriation of his musical work. *Goldberg*, 482 F. Supp. 2d at 1151. The court concluded that plaintiff's misappropriation claim was preempted by the Copyright Act. *Id.*; *see also Aagard v. Palomar Builders, Inc.*, 344 F. Supp. 2d 1211 (E.D. Cal. 2004) (granting motion to dismiss unfair competition claim because it was preempted by the Copyright Act); *Smith & Hawkin, Ltd. v. Gardendance, Inc.*, 2004 WL 2496163, * 4 (N.D. Cal. 2004) (same).

Plaintiff cannot avoid preemption under the Copyright Act by calling her allegations "unfair competition." Like the claims asserted in *Kodadek* and *Goldberg*, Plaintiff's Complaint is based solely on the alleged unauthorized copying of her work. Thus, her single state law claim is preempted and should be dismissed with prejudice. *Goldberg*, 482 F. Supp. 2d at 1151.

    2. <u>Plaintiff Does Not and Cannot Allege an Extra Element to Prevent Preemption.</u>

Plaintiff can only avoid preemption if her unfair competition claim is not "equivalent" to a copyright infringement claim; "the right under state law must have an 'extra element' that 'changes the nature of the action so that it is qualitatively different from a copyright infringement claim.'" *Goldberg*, 482 F. Supp. 2d at 1151; *see also Aagard*, 344 F. Supp. 2d at 1215. No such extra element is alleged here. Plaintiff does not allege she even communicated with Defendants before submitting her work. She alleges only that she "submitted said literary work to Defendants, and each of them, for the purpose of selling her work for use as a movie, published book, television show, game or other commercial application," and that Defendants copied that work. (Complaint, ¶¶ 12, 14, 16, 19.) Where, as here, a plaintiff's unfair competition claim is based entirely on misappropriation of copyrighted works, and nothing else, "no qualifying 'extra element' is present." *Goldberg*, 482 F. Supp. 2d at 1151.[1]

---

[1] Even if Plaintiff were to attempt to re-plead her complaint in terms of breach of implied contract, such claim would be barred by the statute of limitations. Implied contract claims must be
(footnote continued)

09177/2208661.1

-5-

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; [PROPOSED] ORDER GRANTING MOTION TO DISMISS

Plaintiff does allege "[n]either the movie, 'Finding Nemo,' nor the game 'Squisher,' gives Plaintiff credit for having been the author of the original work that was copied by Defendants." (Complaint ¶ 19.)  To the extent Plaintiff argues this allegation supports a claim for reverse palming off, it only further confirms that her claim is preempted by the Copyright Act.  In *Dastar v. Twentieth Century Fox*, 539 U.S. 23 (2003), the Supreme Court held that the original creator of communicative product — "products that are valued not primarily for [their] physical qualities but for the intellectual content [they convey] such as a book or video" — could not support a reverse palming off claim under the Lanham Act claim because such a claim would conflict with the Copyright Act.  *Id.*  Thus, applying *Dastar*, the court in *Aagard*, 344 F.Supp.2d at 1218, held that a reverse palming off claim under state law unfair competition would be preempted by the Copyright Act.  In particular, that court held that to the extent the plaintiff was asserting a reverse palming off claim for damages and injunctive relief related to the defendant's alleged unauthorized reproduction of and profit from plaintiff's architectural plans (in contrast to seeking return of the plans), such claim would be preempted by the Copyright Act.  *Id.*  Here, Plaintiff seeks profits from Defendants' alleged unauthorized incorporation of her alleged original literary work into the motion picture "Finding Nemo" and the video game "Squisher."  Thus, here, like *Aagard*, any attempt by Plaintiff to assert a reverse palming off claim would be preempted by the Copyright Act.

Accordingly, Plaintiff's unfair competition claim fully meets both elements of the preemption test: her original literary work falls within the "subject matter" of the Copyright Act, and the rights asserted are equivalent to those protected by that Act.  Thus, her single state law cause of action for unfair competition is preempted and should be dismissed with prejudice.  *Kodadek*, 152 F.3d 1209; *Goldberg*, 482 F. Supp. 2d at 1152 (granting defendant's request to

---

brought within two years of breach.  Cal. Code Civ. Proc. § 339(a); *Kurokawa v. Blum*, 199 Cal. App. 3d 976, 989 (1988).  Plaintiff did not bring this action until four years after the motion picture "Finding Nemo" was generally released.

09177/2208661.1

-6-
NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; [PROPOSED] ORDER GRANTING MOTION TO DISMISS

1 dismiss without leave to amend plaintiff's conversion and unfair competition claims pursuant to
2 Fed. R. Civ. P. 12(b)(6) because they were preempted by the Copyright Act).

3  Other than her copyright infringement allegations, Plaintiff fails to identify any allegedly
4 "unlawful," "unfair," or "fraudulent" business practice engaged in by the Defendants, and her
5 Complaint should be dismissed with prejudice.

**II. EVEN IF PROPERLY STYLED AS A COPYRIGHT INFRINGEMENT CASE, PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE PURSUANT TO RULE 12.**

Plaintiff's allegations reveal that, even if styled as a copyright infringement claim, her Complaint should be dismissed with prejudice. First, Plaintiff does not allege she attempted to seek a copyright registration for her alleged "original literary work." Thus, the Court would lack subject matter jurisdiction over a copyright claim. Second, even if Plaintiff could allege a valid copyright registration, the face of her Complaint reveals that an infringement claim would be barred by the applicable statute of limitations.

**A.  This Court Would Lack Subject Matter Jurisdiction Over A Copyright Claim.**

This Court should dismiss Plaintiff's Complaint *with prejudice* because it would lack subject matter jurisdiction over her only potentially viable cause of action, namely, a copyright infringement claim. Fed. R. Civ. P. 12(b)(1). Under the Copyright Act, "no action for infringement of the copyright in any work shall be instituted until registration of the copyright claim has been made in accordance with [the copyright laws]." 17 U.S.C. § 411(a); *Dielsi*, 916 F. Supp. at 993. "'Before a court can have jurisdiction to entertain an infringement action, the *prior* registration requirement of 17 U.S.C. § 411(a) must be met.'" *Dielsi v. Falk*, 916 F. Supp. 985, 994 (C.D. Cal. 1996) (quoting *Cable News Network v. Video Monitoring Services*, 940 F.2d 1471, 1480 (11th Cir. 1991)). A plaintiff's failure to plead that she applied for a copyright registration deprives a federal court of subject matter jurisdiction of the plaintiff's copyright claim and is grounds for dismissal. *Id.* at 994-995 (dismissing plaintiff's preempted state law causes of action for conversion and negligence after proper removal to federal court because plaintiff did not allege application for copyright registration).

09177/2208661.1

-7-

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; [PROPOSED] ORDER GRANTING MOTION TO DISMISS

Here, Plaintiff does not allege that she sought copyright registration of the original literary work she submitted to Defendants. This Court, therefore, must dismiss her Complaint in its entirety. *Dielsi*, 916 F. Supp. at 994-995.

### B. Plaintiff's Action is Time Barred.

Even if Plaintiff could allege that she sought a valid copyright registration for her "original literary work," her lawsuit should still be dismissed with prejudice. The Copyright Act provides for a three-year statute of limitations for copyright infringement claims. 17 U.S.C. § 507. Plaintiff alleges the motion picture "Finding Nemo" "was first released and shown to the public by Defendants, and each of them, on May 30, 2003." (Complaint, ¶ 15) Plaintiff filed her Complaint against the Defendants on May 29, 2007 — well past the three year statute of limitations.

The statute of limitations accrues when the copyright holder "has knowledge of a violation *or is chargeable with such knowledge*." *Polar Bear Productions, Inc. v. Timex Corp.*, 384 F.3d 700, 706 (9th Cir. 2004) (emphasis added); *Roley v. New World Pictures, Ltd.*, 19 F.3d 479, 481 (9th Cir. 1994) (same). A plaintiff cannot claim he or she did not discover the defendant's infringing conduct until a later date if such lack of knowledge would not be reasonable under the circumstances. *See Polar Bear Productions*, 384 F.3d at 706.

Here, Plaintiff claims Defendants had possession of her original work between April 6 and June 22, 2001 and that Defendants copied her work. (Complaint, ¶¶ 12-13.) She claims that "Finding Nemo" was released and shown to the public on May 30, 2003 and "Squisher" was created, marketed and sold "after May 30, 2003." (*Id.*, ¶¶ 15-16.) Given the public nature of Defendants' alleged infringement, Plaintiff cannot reasonably claim that she did not discover Defendants' conduct until a later date. The national release of a major motion picture such as "Finding Nemo" by Disney and Pixar charges a plaintiff with knowledge of alleged copyright infringement. *Roley*, 19 F.3d at 481 (holding cause of action for copyright infringement accrued when plaintiff screened the allegedly infringing motion picture); *Goldberg*, 482 F. Supp. 2d at 1148. Indeed, in *Goldberg*, the district court rejected the plaintiff's contention that he was unaware of the allegedly infringing *The Terminator* movies because he had been on a twenty-year spiritual journey, citing the movies' exceeding popularity. *Goldberg*, 482 F. Supp. 2d at 1148.

1  The court commented "[e]ven attempting to eschew all electronic media, it is unreasonable to
2  assert that plaintiff had zero exposure to *The Terminator* movie." *Id.*; *see also Kourtis v.*
3  *Cameron*, 419 F.3d 989 (9th Cir. 2005) (claims for breach of implied contract and breach of
4  confidence accrued no later than the release of the alleged infringing movie).

The same is true here.  Plaintiff alleges that "Finding Nemo" "has enjoyed substantial popularity and commercial success, achieving gross receipts of nearly $1 billion and profits in the hundreds of millions of dollars to date." (Complaint, ¶ 17.)  In fact, as is often the case with major motion pictures, "Finding Nemo" enjoyed a significant amount of publicity *before* it was released. (*See* Request for Judicial Notice; Declaration of Andrea Pallios Roberts, Ex. C (August 19, 2002 Business Week Online article reporting "Pixar's upcoming schedule includes Finding Nemo, about a clownfish named Marlin who lives in the Great Barrier Reef with his son, Nemo"); *id.*, Ex. D (March 6, 2003 USA Today article describing the film as "the story of a widower clown fish who tries to find his only son after the small fry is abducted by an Australian dentist for his aquarium); *id.*, Exs. A, B, E-L).[2]  And, indeed, the motion picture was released prior to the May 30, 2003 nationwide release.  (*See* Request for Judicial Notice; Roberts Dec., Exs. E-G) (reporting on the Hollywood premiere of "Finding Nemo.")  Thus, Plaintiff must be charged with knowledge of the alleged infringement related to the motion picture "Finding Nemo" *at the very latest* when the motion picture was generally released to the public — on May 30, 2003.  Plaintiff, however, did not file this lawsuit until May 29, 2007, several months and perhaps more than a year after her action was time barred.

Plaintiff's allegation that Defendants incorporated her work into a game entitled "Squisher" "after May 30, 2003" cannot save even that portion of her copyright infringement claim.  Again,

---

[2]  As set forth in their Request for Judicial Notice, Defendants seek to have the Court judicially notice several newspaper and magazine articles and press releases reflecting the extensive marketing and discussing early releases of the motion picture "Finding Nemo."  While these materials show that the statute of limitations began to accrue on Plaintiff's claim *before* May 30, 2003, granting Defendants' Request for Judicial Notice is not a pre-requisite to granting Defendants' motion to dismiss.  To the contrary, Plaintiff alleges on the face of her Complaint that "Finding Nemo" was generally released on May 30, 2003, and her claim is therefore time barred.

09177/2208661.1

-9-

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; [PROPOSED] ORDER GRANTING MOTION TO DISMISS

Plaintiff can be charged with knowledge of the alleged infringement prior to May 30, 2003. Pixar press releases preceding the motion picture's debut described "an extensive marketing campaign" which included the development of video games based on the film. (*See* Request for Judicial Notice; Roberts Dec. Exs. J and K.) Press releases dated January 7, 2003 and April 21, 2003 — well before the film's release or the purported release of "Squisher" — describe this campaign. *Id.* Plaintiff's allegations demonstrate that she must be charged with knowledge of Defendants' alleged copying of her work at least as of May 30, 2003, and indeed weeks earlier. Significantly, Plaintiff did nothing to act on that knowledge until four years later. Because nothing in Plaintiff's Complaint indicates that her allegations regarding "Squisher" should be treated differently than her allegations regarding "Finding Nemo," her entire action is time barred.

Moreover, even if Plaintiff could properly allege an unfair competition claim, which she cannot (see Section I above), that state law claim would be time-barred. Section 17200 has a four year statute of limitations. Cal. Bus. & Prof. Code § 17208. The statute of limitations began to run when Plaintiff knew or should have known that Defendants used her work. Defendants conducted a major marketing, merchandising, and advertising campaign for "Finding Nemo" prior to the actual release date of the film. As early as April 2002, newspaper articles announced the summer 2003 release of "Finding Nemo," "an underwater adventure." (Request for Judicial Notice; Roberts Dec., Exs. A-C.) And, by May 2003 — before the May 30, 2003 release — detailed descriptions of the basic plot and the names of the main characters appeared in articles from the LA Times to Time Magazine. (*See e.g.,* Request for Judicial Notice; Roberts Dec. Exs. D-F.) Accordingly, Plaintiff should have been well aware of the basic plot and the names and likenesses of the main characters in the film prior to its actual release. Thus, even if her state law claim were not squarely preempted, it would be subject to immediate dismissal under the applicable statute of limitations. Fed. R. Civ. P. 12(b)(6); 17 U.S.C. § 507**.**

## Conclusion

For the foregoing reasons, this Court should dismiss Plaintiff's lawsuit in its entirety and with prejudice. She simply cannot cure any of the deficiencies in her preempted action.

| | | |
|---|---|---|
| 1 | DATED:  August 31, 2007 | QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP |

By /s/ Claude M. Stern
Claude M. Stern
Attorneys for Defendants The Walt Disney Company, Walt Disney Pictures, Disney Book Group, LLC, Pixar, and Disney Enterprises, Inc.

09177/2208661.1

-11-
NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; [PROPOSED] ORDER GRANTING MOTION TO DISMISS