1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     Claude M. Stern (Bar No. 96737)
2    claudestern@quinnemanuel.com
     Evette D. Pennypacker (Bar No. 203515)
3    evettepennypacker@quinnemanuel.com
     Andrea Pallios Roberts (Bar No. 228128)
4    andreaproberts@quinnemanuel.com
   555 Twin Dolphin Drive, Suite 560
5  Redwood Shores, California  94065-2139
   Telephone:    (650) 801-5000
6  Facsimile:     (650) 801-5100

7  Attorneys for Defendants The Walt Disney
   Company, Walt Disney Pictures, Disney Book
8  Group, LLC, Pixar, and Disney Enterprises, Inc.

9

10                  UNITED STATES DISTRICT COURT

11                NORTHERN DISTRICT OF CALIFORNIA

12                       SAN JOSE DIVISION

13  Deborah J. Thomas,                          CASE NO. 3:07-CV-4392

14          Plaintiff,                          **DEFENDANTS' REQUEST FOR
                                                JUDICIAL NOTICE**
15      vs.

16  The Walt Disney Company, Walt Disney
    Studios, Disney Press, Pixar Animation
17  Studios, Walt Disney Feature Animation, Walt
    Disney Pictures, Disney Enterprises, Inc., and
18  DOES 1 through 100, Inclusive,

19          Defendants.

20

21

22      Pursuant to Federal Rule of Evidence 201, defendants The Walt Disney Company, Walt

23  Disney Pictures (also sued as Walt Disney Studios and Walt Disney Feature Animation), Disney

24  Book Group, LLC (sued as Disney Press), Pixar (sued as Pixar Animation Studios), and Disney

25  Enterprises, Inc. ("Defendants") respectfully request that this Court take judicial notice of the

26  following facts:

27

28

76171/2202296.1

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE

- Defendants' motion picture "Finding Nemo" was shown before May 30, 2003, as reported in Exhibits D-G to the Declaration of Andrea Pallios Roberts;

- "Finding Nemo" and its general plot, story line and characters, was publicized before its May 30, 2003 general release, as reported in Exhibits A-L of the Roberts Declaration;

- "Finding Nemo" was advertised in trailers preceding other movies and in television commercials in advance of it general release on May 30, 2003, as is generally done for major motion pictures;

- Before the movie "Finding Nemo" was generally released, it was publicized that Defendants would develop video games based on the film, as reported in Exhibits J and K to the Roberts Declaration;

- Before the May 30, 2003 release of the film "Finding Nemo," Defendants publicized that they planned an extensive marketing campaign in connection with the film, as reported in Exhibit K to the Roberts Declaration.

The above facts are generally known and capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned.  Fed. R. Evid. 201(b)

1.    Published Newspaper and Magazine Articles

Defendants request the Court take judicial notice of the publicity for Defendants' motion picture, "Finding Nemo," that took place prior to the motion picture's May 30, 2003 general theatrical release, as shown in the newspaper and magazine articles attached to the Roberts Declaration as Exhibits A, B, C, D, E, F, G, H, and I.  It is appropriate for the Court to take judicial notice of this material because it is both "generally known within the territorial jurisdiction of the trial court" and "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  Courts may take judicial notice of adjudicative facts such as those appearing in newspapers. *Crowder v. Kitagawa*,

1    81 F.3d 1480, 1491 n.10 (9th Cir. 1996) (stating the court may take judicial notice of adjudicative

2    facts appearing in newspapers); *Ritter v. Hughes Aircraft Co.*, 58 F.3d 454, 458 (9th Cir. 1995)

3    (taking judicial notice of existence of corporate layoffs based upon newspaper articles); *Gomez-*

4    *Vigil v. INS*, 990 F.2d 1111, 1115 (9th Cir. 1993) ("I will take judicial notice of the existence of

5    accounts in leading newspapers stating that former Sandinistas control the Nicaraguan army and

6    police forces"); *Cochran v. NYP Holdings, Inc.*, 58 F. Supp. 2d 1113, 1123 (C.D. Cal. 1998)

7    (taking judicial notice of "overwhelming deluge of publicity attendant to" the O.J. Simpson trial)

8            2.      Press Releases Published on Pixar's Website

9            Defendants request that the Court take judicial notice of three press releases available on

10    Defendant Pixar's website, attached to the Roberts Declaration as Exhibits J, K and L.  Judicial

11    notice is appropriate because the press releases' availability on Pixar's website is "capable of

12    accurate and ready determination by resort to sources whose accuracy cannot reasonably be

13    questioned" -- the internet.  Fed. R. Evid. 201(b).  The Court may take judicial notice of the

14    existence and contents of websites.  *See Lund v. Luprino*, 2007 WL 1775474, *1 n.3 (E.D. Cal.

15    2007) ("[T]he court will grant judicial notice of the two documents on the state Emergency

16    Services' website"); *Caldwell v. Caldwell*, 420 F. Supp. 2d 1102, 1105 n.3 (N.D. Cal. 2006)

17    (granting request to take judicial notice of two sets of web pages); *Pollstar v. Gigmania*, 170

18    F.Supp.2d 974, 978 n.2 (E.D. Cal. 2000) ("[T]he Court may take judicial notice of the printout of

19    the web site for the limited purpose of evaluating the online license agreement."); *Hendrickson v.*

20    *eBay, Inc.*, 165 F.Supp.2d 1082, 1084 n.2 (C.D. Cal. 2001) ("To the extent some of the

21    descriptions about eBay's website are not in the record, the Court takes judicial notice of

22    www.eBay.com and the information contained therein…."); *Cairns v. Franklin Mint Co.*, 107

23    F.Supp.2d 1212, 1216 (C.D. Cal. 2000) (taking judicial notice of Andy Warhol's Internet site even

24    though it was not submitted by any party).

25            For the foregoing reasons, this Court should take judicial notice of the documents attached

26    as Exhibits A-I of the Roberts Declaration.

27

28

1  DATED:  August 31, 2007              QUINN EMANUEL URQUHART OLIVER &
                                        HEDGES, LLP
2

3
                                     By /s/ Claude M. Stern
4                                       Claude M. Stern
                                        Attorneys for Defendants The Walt Disney
5                                       Company, Walt Disney Pictures, Disney Book
                                        Group, LLC, Pixar, and Disney Enterprises, Inc.
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                        -4-