Archie S. Robinson, Esq. [SBN 34789]
asr@robinsonwood.com
ROBINSON & WOOD, INC.
227 North First Street
San Jose, CA 95113
Telephone: 408/298-7120
Facsimile: 408/298-0477

Attorneys for Plaintiff
DEBORAH J. THOMAS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - OAKLAND DIVISION

| | |
|---|---|
| DEBORAH J. THOMAS,<br><br>Plaintiff,<br><br>vs.<br><br>THE WALT DISNEY COMPANY, WALT DISNEY STUDIOS, DISNEY PRESS, PIXAR ANIMATION STUDIOS, WALT DISNEY FEATURE ANIMATION, WALT DISNEY PICTURES, DISNEY ENTERPRISES, INC. and DOES 1 through 100, Inclusive,<br><br>Defendants. | No. CV 07-04392 CW<br><br>**NOTICE OF MOTION AND MOTION TO REMAND PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT; [PROPOSED] ORDER GRANTING MOTION TO REMAND**<br><br>Date: November 1, 2007<br>Time: 2:00 p.m.<br>Place: Courtroom 2<br>Judge: Hon. Claudia Wilken |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Please take notice that on November 1, 2007, at 2:00 p.m., or as soon thereafter as the matter may be heard, in the above-entitled Court, located at 1301 Clay Street, Suite 400S, Oakland, CA 94612, Plaintiff Deborah J. Thomas, will move the Court for an order remanding this Complaint to Santa Clara Superior Court pursuant to 28 U.S.C. § 1447(c).

This motion to remand is made on the grounds that the Complaint contains no federal causes of action, and Plaintiff's claims are not completely preempted by the

Robinson & Wood, Inc.
227 North First Street
San Jose, CA 95113
(408) 298-7120

1

NOTICE OF MOTION AND MOTION TO REMAND PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT; [PROPOSED] ORDER GRANTING MOTION TO REMAND CV 07-04392 CW

Copyright Act (17 U.S.C. § 101 et. seq.) Plaintiff's claim for relief is based on California's Business and Professions Code § 17200.

This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities filed concurrently herewith, the pleadings and other papers on file in this action, and such additional evidence as may be presented at or before the hearing.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. PRELIMINARY STATEMENT

Plaintiff Debbie Thomas ("Plaintiff" or "Thomas") pleads no federal cause of action in her Complaint and her claims are not preempted by the Copyright Act. Thomas' state unfair competition claims are based on the entrustment of her story to Defendants with the understanding that use of her story would be conditioned on payment and attribution. Defendant's breach of this confidence is the unlawful business practice at issue here, and is not preempted by the Copyright Act. This Court, therefore, has no federal subject matter jurisdiction and should remand the case back to state court.

### II. PERTINENT FACTS

Thomas filed the instant action against Defendants in the California Superior Court in and for the County of Santa Clara, alleging only violations of the California Business and Professions Code § 17200 *et. seq*. On August 24, 2007, Defendants removed the action to this Court claiming it is preempted by the Copyright Act.

Plaintiff is the author of a story entitled, "Squisher the Fish." On or about April 6, 2001, Plaintiff submitted her story to Defendants for the purpose of selling her work as a movie, book, television show, game or other commercial application. Defendants kept and reviewed Thomas' work until June 22, 2001. On that date, Defendants wrote to Thomas, contending it was not their business practice to take outside submissions. Despite this representation, Defendants used the story submitted by Thomas, and incorporated it into a movie entitled "Finding Nemo," along with other products sold by Defendants, including a video game entitled "Squisher."

Robinson & Wood, Inc.
227 North First Street
San Jose, CA 95113
(408) 298-7120

2

NOTICE OF MOTION AND MOTION TO REMAND PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT; [PROPOSED] ORDER GRANTING MOTION TO REMAND CV 07-04392 CW

Defendants' use of Thomas' story, concealment of their intent to use and their use, and failure to give authorship credit to Thomas, violate California's unfair competition laws.

## III. ARGUMENT

### A. Thomas Complaint Contains No Federal Cause of Action and Defendants Bear the Burden of Establishing Complete Preemption

Generally, where there is no diversity jurisdiction and the complaint does not affirmatively allege a federal claim, there is no basis for removal. *See Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 2; 123 S.Ct. 2058, 2059-2060 (2003). Even a potential defense, such as a federal statute's preemptive effect, is not a basis for removal. *See id.* An exception exists where a federal statute has such unique preemptive force that it completely preempts the state action's averments relative to state law so that the state cause of action is converted by operation of law into a federal claim. *Id.*

If the plaintiff could not have asserted a federal claim based on the allegations of her state law complaint, the complaint could not have been brought originally in federal court, as required under removal jurisdiction. *See Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 997 (9th Cir. 1987). "Thus, to remove a state law claim to federal court under the complete preemption doctrine, federal law must both completely preempt the state law claim and supplant it with a federal claim." *Id.*

This Court, therefore, must first determine whether the Copyright Act is one of those unique statutes that falls within the complete preemption doctrine. While the Ninth Circuit has considered the Copyright Act's preemptive effect in the context of the affirmative defense of preemption, it has not considered whether the Copyright Act is a statute that "completely preempts" state law under a removal analysis. *See e.g. Kodatek v. MTV Networks*, 152 F.3d 1209 (9th Cir. 1998) (considering the defense of preemption where both federal copyright infringement and state claims of unfair competition were pleaded). In *Firoozye v. Earthlink Network*, 153 F.Supp.2d 1115, 1123 (N.D. Cal. 2001), Judge Breyer of the Northern District Court held that the Copyright Act may completely

Robinson & Wood, Inc.
227 North First Street
San Jose, CA 95113
(408) 298-7120

3
NOTICE OF MOTION AND MOTION TO REMAND PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT; [PROPOSED] ORDER GRANTING MOTION TO REMAND CV 07-04392 CW

preempt state causes of action in a removal case, but only those state claims that are found to be the equivalent of Copyright Act claims.

Defendants bear the burden to show by a preponderance of evidence whatever is necessary to support removal. *See Gaus v. Miles, Inc.* 980 F.2d 564, 566 (9th Cir. 1992) (holding there is a strong presumption against removal and the defendant always has the burden of establishing that removal is proper). This includes establishing more than that the Copyright Act provides a preemption defense. They must also establish that the Copyright Act so completely preempts Thomas' state law claims that it supplants the state claims with a federal claim that original federal jurisdiction exists.

### B. Thomas' Claims Are Not Preempted by the Copyright Act

Even if the Court finds that the Copyright Act is a statute that is capable of completely preempting state law claims *within its scope*, the Court must take a second step and analyze the elements of the state law claims to determine whether rights defined by state law may be abridged by an act which in and of itself would infringe one of the exclusive rights in the Copyright Act. *Summit Machine Tool,* 7 F.3d 1434, 1439-40 (9th Cir.1993). *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, at 455 (6th Cir. 2001). Stated differently, the test is: does the state law claim require proof of an *additional element* not required to establish infringement under the Copyright Act? If so, the claim is not preempted.

That is precisely the situation at bar because Thomas' state law unfair competition claim against Defendants requires proof of an extra element not required by the Copyright Act, to wit: breach of confidence. The breach of confidence element makes Thomas' unfair competition claim qualitatively different from a copyright infringement claim. *See Goldberg v. Cameron*, 482 F.Supp.2d 1136, 1151 (N.D. Ca 2007).

When Thomas submitted her story to Defendants, she was in the vulnerable position of being an unrepresented individual who submitted her story to a colossus in the entertainment industry, the Walt Disney Company and its subsidiaries. She submitted her story with the understanding and belief that Defendants would be in a superior position to

Robinson & Wood, Inc.
227 North First Street
San Jose, CA 95113
(408) 298-7120

4

NOTICE OF MOTION AND MOTION TO REMAND PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT; [PROPOSED] ORDER GRANTING MOTION TO REMAND CV 07-04392 CW

know how best to utilize her "Squisher the Fish" story. Thomas also understood and believed that Defendants would not unlawfully utilize her story idea without her permission or without compensation. She never imagined that Defendants would claim to be not interested in her story, while at the same time incorporating it into their movie, "Finding Nemo."

It is the confidential relationship that provides the extra element distinguishing the suit at bar from an ordinary copyright claim. It is not Thomas' right (cognizable under Title 17 U.S.C. 102, *et sea.*) to reproduce, prepare derivative works, distribute, perform or display her story that is at issue here. Rather, it is Thomas' entrustment of her story to Disney, with the understanding that Disney would not violate that entrustment without compensation, that makes her claim qualitatively different than a copyright claim. It is well established that a breach of confidence claim is not preempted by copyright law. *See e.g. Balboa Ins. Co. v. Trans Global Equities*, 218 Cal.App.3d 1327, 1350 -1351 (1990)(holding that unfair competition claim on the basis of breach of confidence is not preempted by copyright law). See also *Firoozye, supra*, at 1131 (holding that Plaintiff's misrepresentation and trade secret claims were not preempted by the Copyright Act).

An actionable breach of confidence arises when an idea, whether or not protectable, is offered to another in confidence, and is received by the offeree in confidence, with the understanding that it will not to be disclosed to others, and will not to be used by the offeree for purposes beyond the limits of the confidence without the offeror's permission. *See Faris v. Enberg*, 97 Cal.App.3d 309, 323 (1979). A confidential relationship will not be created from the bare submission of an idea to another. *Id.* However, evidence of a confidential relationship may be inferred from proof that the material submitted was protected by reasons of novelty or elaboration. *Id.* Also, proof that the plaintiff offered her idea upon condition of confidence and an understanding that payment would be made upon use, will suffice to establish a confidential relationship. *Id.* at 322.

Here, Thomas' story, "Squisher Fish" was detailed and novel. It was a complete story that could be used as a children's story or incorporated into a different medium. Thomas'

Robinson & Wood, Inc.
227 North First Street
San Jose, CA 95113
(408) 298-7120

5

NOTICE OF MOTION AND MOTION TO REMAND PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT; [PROPOSED] ORDER GRANTING MOTION TO REMAND CV 07-04392 CW

submission of a complete and original story is a significant factor demonstrating a confidential relationship. In *Tele-count Engineers, Inc. v. Pacific Telephone and Telegraph Co.* 168 Cal.App.3d 455, 463 (1995) the Court noted that the breach of confidence cases emphasize the presence of "novel" information in the disclosure. *See* 4 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright*, § 16.06 (1963)(the Court's protection of an idea under a confidential relationship theory is akin to the traditional protection equity will afford to a trade secret.)

The Courts have analogized trade secret misappropriation with breach of confidence, finding neither preempted by Copyright law:

> "We agree with the Second Circuit that the breach of duty of trust or confidentiality comprises the core of actions for trade secret misappropriation, and 'supplies the 'extra element' that qualitatively distinguishes such trade secret causes of action from claims for copyright infringement that are based solely upon copying.'"
>
> *Trandes Corp. v. Guy F. Atkinson*, 996 F2d. 655, 660 (4th Cir. 1993) (quoting *Computer Assoc. v. Altai*, 982 F.2d 693, 717 (2nd Cir. 1992))

Moreover, Thomas' story was submitted to Defendants explicitly for the purpose of providing Defendants with a story to be sold, and with the understanding that Defendants' use would be conditioned on some form of payment. Courts find a confidential relationship to exist when the parties deal on unequal terms, which requires the weaker party to repose trust and confidence in the other's good faith. *See Davies v. Krasna*, 245 Cal. App. 2d 535,548 (1996). This is precisely what Thomas alleges here. Thomas entrusted her story to Defendants' powerful and world famous experts at developing novel stories into successful movies and other applications.

Whether Defendants received Thomas' story and utilized it for financial gain while actively deceiving Thomas as to their intent, will be matters for a factual determination. But there can be no question that Thomas' complaint alleges precisely the type of relationship protected by an inferred confidential relationship. The tort of breach of confidence is based upon the concept of an implied obligation. *See Tele-count Engineers, Inc.*, 168 Cal. App.3d at 464. It is an obligation not founded on express promises, but rather

Robinson & Wood, Inc.
227 North First Street
San Jose, CA 95113
(408) 298-7120

6
NOTICE OF MOTION AND MOTION TO REMAND PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT; [PROPOSED] ORDER GRANTING MOTION TO REMAND CV 07-04392 CW

upon the apparent intentions of the involved parties. It is an obligation created by law for reasons of justice. *See id.*

### C. Thomas' Unfair Competition Claim May Also Be Predicated Upon a Fraudulent Misrepresentation

Thomas' unfair competition claim based on Defendants' breach of confidence is closely related to a fraud or misrepresentation claim. Defendants' statement to Thomas that they were not interested in her story is a representation that they would not use her story and violate her authorship rights. This false representation also provides an extra element not preempted by federal copyright law. *See Dielsi v. Falk*, 916 F.Supp.985, 992 (1996) (citing *Valente-Kritzer Video v. Pinckney*, 881 F.2d 772 (9th Cir. 1989)). The gravamen of Thomas' unfair competition claim is a false representation made by Defendants, to wit: that Defendants had no interest in commercially exploiting Plaintiff's story, while Defendants were simultaneously harboring an intent to use the story as the basis for a movie.

Such a misrepresentation constitutes the extra element beyond copyright infringement that insulates this action from being preempted. *See Dielsi* at 916 F. Supp. at 992-993 (defendants promise to not violate authorship rights added an extra element precluding preemption under Copyright Act). "A state law misrepresentation claim, even where the Defendants only alleged misappropriation involved a promise not to use the Plaintiff's work, contains an additional element that makes the claim qualitatively different from a copy claim and is therefor not preempted." *Firoozye, supra* at 1129.

## IV. CONCLUSION

Thomas' state claims of unfair competition are based on the confidential submission of her story to Defendants with the understanding that they would only use her story upon payment of compensation. Defendants breach of this entrustment as well as their misrepresentation of their interest in and plans for Plaintiff's story are additional elements that distinguish the case at bar from a copyright infringement case. Because Thomas' state claims are not preempted by copyright law and her complaint raises no federal questions,

Robinson & Wood, Inc.
227 North First Street
San Jose, CA 95113
(408) 298-7120

7

NOTICE OF MOTION AND MOTION TO REMAND PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT; [PROPOSED] ORDER GRANTING MOTION TO REMAND CV 07-04392 CW

1  this Court lacks subject matter jurisdiction to support Defendants' removal and the case
2  should be remanded back to the state court.
3
4  Dated:   September 27, 2007

ROBINSON & WOOD, INC.

By /s/
ARCHIE S. ROBINSON
Attorneys for Plaintiff
DEBORAH J. THOMAS

@PFDesktop\::ODMA/MHODMA/IMANAGE;IMANAGE;407737;1

Robinson & Wood, Inc.
227 North First Street
San Jose, CA 95113
(408) 298-7120

8

NOTICE OF MOTION AND MOTION TO REMAND PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT; [PROPOSED] ORDER GRANTING MOTION TO REMAND CV 07-04392 CW

Archie S. Robinson, Esq. [SBN 34789]
asr@robinsonwood.com
ROBINSON & WOOD, INC.
227 North First Street
San Jose, CA 95113
Telephone:  408/298-7120
Facsimile:  408/298-0477

Attorneys for Plaintiff
DEBORAH J. THOMAS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - OAKLAND DIVISION

| | |
|---|---|
| DEBORAH J. THOMAS,<br><br>Plaintiff,<br><br>vs.<br><br>THE WALT DISNEY COMPANY, WALT DISNEY STUDIOS, DISNEY PRESS, PIXAR ANIMATION STUDIOS, WALT DISNEY FEATURE ANIMATION, WALT DISNEY PICTURES, DISNEY ENTERPRISES, INC. and DOES 1 through 100, Inclusive,<br><br>Defendants. | No.  CV 07-04392 CW<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**<br><br>Hearing Date:  November 1, 2007<br>Hearing Time:  2:00 p.m.<br>Courtroom:  2, 4th Floor<br>Judge:  Hon. Claudia Wilken |

On November 1, 2007, at 2:00 p.m., the Court heard Plaintiff's Motion to Remand. Having considered the moving and opposition papers and the arguments of the parties, the Court hereby GRANTS the motion to remand.

IT IS SO ORDERED.

Date: _____

_____
Honorable Claudia Wilken
United States District Judge