1    Archie S. Robinson, Esq. [SBN 34789]
     asr@robinsonwood.com
2    ROBINSON & WOOD, INC.
     227 North First Street
3    San Jose, CA 95113
     Telephone:  408/298-7120
4    Facsimile:   408/298-0477

5    Attorneys for Plaintiff
     DEBORAH J. THOMAS
6

7

8                    UNITED STATES DISTRICT COURT
9
        NORTHERN DISTRICT OF CALIFORNIA - OAKLAND DIVISION
10

11

12
     DEBORAH J. THOMAS                    No.  CV 07-04392 CW
13
                      Plaintiff,          **PLAINTIFF'S MEMORANDUM OF**
14                                        **POINTS AND AUTHORITIES IN**
     vs.                                  **SUPPORT OF OPPOSITION TO**
15                                        **DEFENDANTS' MOTION TO**
     THE WALT DISNEY COMPANY,             **DISMISS**
16   WALT DISNEY STUDIOS, DISNEY
     PRESS, PIXAR ANIMATION               Date:       November 1, 2007
17   STUDIOS, WALT DISNEY FEATURE         Time:       2:00 p.m.
     ANIMATION, WALT DISNEY               Judge:      Hon. Claudia Wilken
18   PICTURES, DISNEY ENTERPRISES,        Courtroom:  #2; 4th Floor
     INC. and DOES 1 through 100,
19   Inclusive,

20                    Defendants.
                                                    /
21

22
     I.    INTRODUCTION
23
             Plaintiff's complaint has been amended to plead a copyright infringement claim
24
     under 17 U.S.C. § 101et seq.  Plaintiff duly registered her original work with the
25
     Registrar of Copyrights on April 27, 2004.  On information and belief, Defendants
26
     continued to infringe Plaintiff's original work within the three years of the filing of the
27
     action on May 29, 2007.  Plaintiff's Unfair Competition claim, based on California
28

Robinson & Wood, Inc.
227 North First Street
San Jose, CA 95113
(408) 298-7120

1

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS                                          CV 07-04392 CW

1   Business & Professions Code Section 17200, et seq., was timely filed. Thus, Plaintiff's

2   complaint may not be dismissed for failure to state a claim.

3   **II.    PERTINENT FACTS**

4          This case arises out of Thomas' submission of an original and novel story,

5   "Squisher the Fish," to Defendants. (*See* Complaint, ¶ 11 and 12). Thomas proposed that

6   her story be used as a movie, published book, television show, game or some other

7   commercial application. Thomas trusted Walt Disney Company and its subsidiaries to

8   evaluate her work, and determine how best to use her story. Defendants kept and

9   reviewed Thomas' work for months. On June 22, 2001, Defendants wrote to Thomas,

10  representing that it was not their business practice to take outside submissions. Despite

11  this representation, Defendants used the story submitted by Thomas, and incorporated it

12  into a movie entitled "Finding Nemo." Defendants also used her story to develop other

13  products such as a video game entitled "Squisher." Defendants continue to benefit from

14  the use of Thomas' work through the sale of DVDs of the movie, "Finding Nemo," the

15  sale of video games and other merchandise based on the movie.

16         Thomas filed the instant complaint against Defendants alleging only violations of

17  California's unfair competition law, Business and Profession Code § 17200, et. seq. in

18  California Superior Court, County of Santa Clara. Defendants removed the action to this

19  Court, contending Thomas' claims are preempted by the Copyright Act. Thomas has

20  amended her complaint to allege copyright infringement as well as the pendent state cause

21  of action for Unfair Competition. Her amended complaint alleges that she has registered

22  her work as required by 17 U.S.C. § 411. Both causes of action are timely.

23  **III.   THOMAS' CLAIMS CANNOT BE DISMISSED FOR FAILURE TO STATE**
         **A CLAIM BECAUSE THEY ARE NOT BARRED BY THE STATUTE OF**
24       **LIMITATIONS**

25         **A.    Plaintiff's Cause of Action for Copyright Infringement States a Cause**
                 **of Action for Damages for All Infringement Occurring Within the**
26               **Three Years of the Filing of the Action**

27         The statute of limitations for copyright infringement is three years. 17 U.S.C.

28  § 507. A cause of action for infringement accrues when one has knowledge of a violation

Robinson & Wood, Inc.
227 North First Street
San Jose, CA 95113
(408) 298-7120

2

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS                                          CV 07-04392 CW

1  or is chargeable with such knowledge. See *Kourtis v. Cameron*, 419 F.3d 989, 999 (9th

2  Cir. 2005). Where there is continuing infringement, an action may be brought for all acts

3  that accrued within the three years preceding the filing of the suit. *Id.*

4        Thomas' complaint was filed on May 30, 2007. All acts of infringement by

5  Defendants occurring after May 30, 2004 to the present are not barred. Though "Finding

6  Nemo" was first released to the public on May 30, 2003, on information and belief

7  Plaintiff contends that the movie continued to be shown to the public in theaters

8  domestically and internationally after May 30, 2004.   Each such theatrical showing

9  would constitute a new act of infringement.

10        Further, as alleged in Plaintiff's complaint, Defendants have reaped benefits since

11  May 30, 2004 from sales of DVDs of the "Finding Nemo" movie which incorporated

12  Plaintiff's story and infringed Plaintiff's copyright, and from sales of video games based

13  on the movie, "Finding Nemo." On information and belief, since May 30, 2004

14  Defendants have  sold other merchandise based on the "Finding Nemo" movie, each such

15  sale constituting a separate act of infringement. *See Kourtis*, 419 F.3d at 999-1000

16  (denying a motion to dismiss on limitations grounds because of diverse acts of

17  infringement, including the release of the movie on DVD); *Danjaq LLC v. Sony*

18  *Corporation*, 263 F.3d 942, 954 (9th Cir.2001)(acknowledging that the release of a movie

19  on DVD may be a separate act of infringement within limitations period even if originally

20  released decades before suit).

21        Thus, Thomas' cause of action for copyright infringement is not barred by the

22  three-year limitations period.

23        **B.    Thomas Cannot Be Charged with Constructive Knowledge of
             Defendants' Wrongful Conduct Based on Pre-Release Press**

24

25        Defendants attempt to charge Thomas with earlier constructive knowledge of their

26  wrongful conduct by pointing to articles that vaguely refer to a future release of the

    movie, "Finding Nemo." First, Plaintiff objects to Defendants' Request for Judicial
27
    Notice in that the purported facts Defendants seek to establish are matters in dispute and
28

Robinson & Wood, Inc.
227 North First Street
San Jose, CA 95113
(408) 298-7120

3
PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS                                    CV 07-04392 CW

1    are not matters of which the Court can take Judicial Notice. (*See* Plaintiff's Objections to

2    Request for Judicial Notice for further discussion.)

3         Second, Plaintiff avers that she did not know of Defendants' wrongful conduct

4    prior to "Finding Nemo's" general theatrical release on May 30, 2003. (*See* Decl. of

5    Thomas, ¶ 1, 2). Also, her complaint alleges that the movie, "Finding Nemo," was first

6    released and shown to the public on May 30, 2003. It does not allege an earlier showing

7    or that Thomas had knowledge of the movie prior to its release. Defendants' argument

8    that Plaintiff "should have known" of their misconduct earlier is without foundation and

9    is a matter of factual dispute at best, which cannot be resolved in this motion to dismiss.

10   *See Firoozye v. Earthlink Network,* 153 F.Supp.2d 1115, 1119 (N.D. CA 2001)("The

11   Court must take the non-moving party's factual allegations as true and must construe

12   those allegations in the light most favorable to the non-moving party."); *see also Polar*

13   *Bear Productions, Inc. v. Timex Corporation,* 384 F.3d 700, 707 (date of discovery of a

14   cause of action is a question of fact.)

15        Third, the mere existence of publications surrounding the future release of the

16   movie "Finding Nemo" is incompetent to charge Thomas with constructive knowledge of

17   Defendants' wrongful conduct. Defendants reliance on *Goldberg,* 482 F.Supp.2d 1136 is

18   misplaced. In *Goldberg* the Court addressed Plaintiff's claim that he lacked actual

19   knowledge of the release of the movie "Terminator" for 21 years (and its sequel for 14

20   years) because of a "spiritual journey." The Court found that given the popularity of the

21   movie domestically and abroad, and plaintiff's own claim that he was an experienced song

22   writer and producer who had successfully marketed his work to various studios, it was

23   unreasonable to find that plaintiff lacked actual knowledge for such a long period after

24   the movie's general release.

25        *Goldberg, supra.,* does not support Defendants' constructive notice argument for

26   several reasons. First, *Goldberg's* holding is based on a finding of constructive notice

27   *after* release of a movie, not before. The *Goldberg* court did not rely on pre-release press,

28   as Defendants do here, as a rationale for constructive notice. Second, in order for

Robinson & Wood, Inc.
227 North First Street
San Jose, CA 95113
(408) 298-7120

4

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS                                           CV 07-04392 CW

1   *Goldberg's* constructive notice rubric to be applicable, the facts must demonstrate *beyond*

2   *question* that Plaintiff had notice of the movie. Even if the facts improperly urged by

3   Defendants in their request for judicial notice were to be considered, the period of time

4   within which Defendants argue Plaintiff "should have known" of "Finding Nemo" is a

5   matter of ten to eleven months, not 21 or 14 *years*.

6        Defendants' argument of constructive notice suffers from a further flaw of lack of

7   foundation. To charge Plaintiff with knowledge acquired from the publication of a news

8   release concerning the future release of a movie, it must first be shown

9   •   that Plaintiff read the publication in which the press release appeared or is

10      likely to have read it, and

11  •   that the press release contained sufficient detail of story line, description of

12      characters and dialogue to cause Plaintiff or a reasonable person to realize

13      that the movie incorporated Plaintiff's work.

14  Defendants have not established any of these foundational facts. See *Polar Bear*

15  *Productions*, 384 F.3d at 706.

16        Before the movie's release and Plaintiff's viewing thereof, it is unreasonable to

17  charge Thomas with the duty of scouring trade papers or conducting searches on Westlaw

18  (as counsel has done in support of Defendants' motion to dismiss) to see if anyone has

19  stolen her story, especially in view of Defendants' misrepresentation that they had rejected

20  her story. It is also unreasonable to expect Thomas to discover that she had an actionable

21  wrong from news articles that mention a future movie bearing a different title than her

22  story and that do not describe the movie in sufficient detail to alert her or a reasonable

23  person that the movie incorporated her story. In fact, most of the articles cited by

24  Defendants do no more than briefly mention the future release of the movie with scant

25  discussion of plot. (*See* Decl. of A. Roberts, Exh. A, B, C, D.)

26        It is also unreasonable to assume that Thomas should have discovered she had an

27  actionable wrong from the movie's Hollywood pre-release to a select few celebrities. (*See*

28  Decl. of A. Roberts, Exh. E, F, G). Thomas is a member of the general public and did not

Robinson & Wood, Inc.
227 North First Street
San Jose, CA 95113
(408) 298-7120

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS                                              CV 07-04392 CW

1  attend the Hollywood premiere. (Declaration of Thomas, ¶¶ 1, 4) Nor was Plaintiff

2  aware of such pre-release showing. (Declaration of Thomas, ¶4.)

3        Finally, Defendants argue that Thomas should be charged with knowledge of a

4  video game based on the movie more than three years prior to the filing of the complaint

5  because reference to the game was made on the Pixar website. Plaintiff did not see the

6  Pixar website before viewing the movie (Declaration of Thomas, ¶ 5) and, as before, it is

7  unreasonable to assume that Thomas would be checking Pixar's website for possible

8  wrongdoing in the face of Defendants' representation that they would not use her work.

9  Defendants' continued sales of video games after May 30, 2004 may be construed as

10 separate acts of continuing infringement.

11 **IV.    THOMAS' UNFAIR COMPETITION CLAIM IS NOT PREEMPTED BY**

12       **THE COPYRIGHT ACT**

13       **A.    Thomas' Cause of Action for Unfair Competition Is Distinct from Her**

14           **Copyright Infringement Claim**

      Thomas state law claims for unfair competition are based on the breach of a

15 confidential relationship that arose from the submission of her story to Defendants and

16 are not preempted by copyright law. Thus, Thomas' unfair competition claim must be

17 treated separately from Thomas' copyright infringement cause of action, and is governed

18 by California Bus. and Prof. Code § 17200 and applicable state law.

19       Thomas' state claims are not preempted if they do not assert rights that are

20 "equivalent" to those protected by the copyright act. *See Kodadek v. MTV Networks, Inc.*

21 152 F.3d 1209, 1212 (9th Cir. 1998). Thomas claims are not equivalent because they

22 require proof of an additional element that makes her action qualitatively different from a

23 copyright infringement claim. *See Goldberg v. Cameron*, 482 F.Supp.2d 1136, 1151

24 (N.D. CA 2007).

25       The breach of confidence element contained in Thomas' unfair competition claim

26 is the extra element that makes her claim qualitatively different than a copyright claim.

27 *See id.* at 1151. When Thomas submitted her story to Defendants, she was in the

28 vulnerable position of being an unrepresented individual who submitted her story to a

Robinson & Wood, Inc.
227 North First Street
San Jose, CA 95113
(408) 298-7120

6

1   colossus in the entertainment industry, the Walt Disney Company and its subsidiaries.

2   She submitted her story with the understanding and belief that Defendants would be in a

3   superior position to know how best to utilize her "Squisher the Fish" story. Thomas also

4   understood and believed that Defendants would not unlawfully utilize her story idea

5   without her permission or without compensation. She never imagined that Defendants

6   would claim to be not interested in her story, while at the same time incorporating it into

7   their movie, "Finding Nemo."

8        An actionable breach of confidence arises when an idea, whether or not

9   protectable, is offered to another in confidence, and is received by the offeree in

10  confidence, with the understanding that it will not to be disclosed to others, and will not

11  to be used by the offeree for purposes beyond the limits of the confidence without the

12  offeror's permission. *See Faris v. Enberg*, 97 Cal.App.3d 309, 323 (1979). A

13  confidential relationship will not be created from the bare submission of an idea to

14  another. *Id.* However, evidence of a confidential relationship may be inferred from proof

15  that the material submitted was protected by reasons of novelty or elaboration. *Id.* Also,

16  proof that the plaintiff offered her idea upon condition of confidence and an

17  understanding that payment would be made upon use, will suffice to establish a

18  confidential relationship. *Id.* at 322.

19       Here, Thomas' story, "Squisher Fish" was detailed and novel. It was a complete

20  story that could be used as a children's story or incorporated into a different medium.

21  Thomas' submission of a complete and original story is a significant factor demonstrating

22  a confidential relationship. In *Tele-count Engineers, Inc. v. Pacific Telephone and*

23  *Telegraph Co.* 168 Cal.App.3d 455, 463 (1995) the Court noted that the breach of

24  confidence cases emphasize the presence of "novel" information in the disclosure. See 4

25  Melville B. Nimmer & David Nimmer, *Nimmer on Copyright*, § 16.06 (1963)(the Court's

26  protection of an idea under a confidential relationship theory is akin to the traditional

27  protection equity will afford to a trade secret.)

28

Robinson & Wood, Inc.
227 North First Street
San Jose, CA 95113
(408) 298-7120

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS                                    CV 07-04392 CW

1    The Courts have analogized trade secret misappropriation with breach of

2    confidence, finding neither preempted by Copyright law:

3    "We agree with the Second Circuit that the breach of duty of trust or
     confidentiality comprises the core of actions for trade secret
4    misappropriation, and 'supplies the 'extra element' that qualitatively
     distinguishes such trade secret causes of action from claims for copyright
5    infringement that are based solely upon copying.'"

6    *See Trandes Corp. v. Guy F. Atkinson*, 996 F2d. 655, 660 (4th Cir. 1993) (quoting

7    *Computer Assoc. v. Altai*, 982 F.2d 693, 717 (2nd Cir. 1992))

8    Moreover, Thomas' story was submitted to Defendants explicitly for the purpose of

9    providing Defendants with a story to be sold, and with the understanding that Defendants'

10   use would be conditioned on some form of payment.  Courts find a confidential

11   relationship to exist when the parties deal on unequal terms, which requires the weaker

12   party to repose trust and confidence in the other's good faith. *See Davies v. Krasna*, 245

13   Cal. App. 2d 535,548 (1996).  This is precisely what Thomas alleges in her cause of

14   action for unfair competition.  Thomas entrusted her story to Defendants' powerful and

15   world famous experts at developing novel stories into successful movies and other

16   applications.

17   Thomas' unfair competition cause of action is not based on Thomas' right

18   (cognizable under Title 17 U.S.C. 102, et seq..) to reproduce, prepare derivative works,

19   distribute, perform or display her story .  Rather, it is Thomas' entrustment of her story to

20   Disney, with the understanding that Disney would not violate that entrustment without

21   compensation, that is at issue in her unfair competition claim.  It is well established that a

22   breach of confidence claim is not preempted by copyright law. *See e.g. Balboa Ins. Co. v.*

23   *Trans Global Equities*, 218 Cal.App.3d 1327, 1350 -1351 (1990)(holding that unfair

24   competition claim on the basis of breach of confidence is not preempted by copyright

25   law). *See also Firoozye v. Earthlink Network,* 153 F.Supp.2d 1115, 1131 (N.D. CA

26   2001)(holding that Plaintiff's misrepresentation and trade secret claims were not

27   preempted by the Copyright Act).  Thomas' pendent state law claim of unfair competition,

28   therefore, is not preempted by the Copyright Act.

Robinson & Wood, Inc.
227 North First Street
San Jose, CA 95113
(408) 298-7120

8

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS                                          CV 07-04392 CW

1

2

**B.    Thomas' Unfair Competition Claims Have Been Properly Brought Within the Four-Year Limitations Period**

3

4

5

6

7

8

A cause of action for unfair competition must be brought within four years under Business and Professions Code § 17208.  Thomas became aware that Defendants had engaged in its unlawful, unfair and fraudulent business practices when she saw the movie, "Finding Nemo" on June 6, 2003, and learned that Defendants had incorporated her story "Squisher the Fish," into the movie.  (*See* Decl. of Thomas, ¶ 2 ).  Thomas' Complaint, filed on May 29, 2007, is within the four-year limitations period of Business and Professions Code § 17208.

9

10

11

12

13

14

Defendants contend that Thomas should have known of Defendants' wrongful conduct even before the movie's theatrical release.  As discussed above, Defendants fail to establish that Thomas should have had constructive knowledge of her cause of action for unfair competition based on articles she did not read and that did not contain sufficient details to make a reasonable person aware that Defendants had misrepresented the use of her story.

15

**VI.    CONCLUSION**

16

17

18

19

20

21

22

Defendants motion to dismiss must be denied because plaintiff properly states a cause of action for copyright infringement and unfair competition.  Plaintiff alleges infringing acts within three years prior to the complaint, and within four years of Defendant's unfair, unlawful and fraudulent business practices.  Defendants also fail to establish that Plaintiff should have discovered her causes of action earlier than the movie's theatrical release such that her causes of action would be barred.

Dated:        October 11, 2007              ROBINSON & WOOD, INC.

23

24

25

/s/

26

27

28

By _____
ARCHIE S. ROBINSON
Attorneys for Plaintiff
DEBORAH J. THOMAS

Robinson & Wood, Inc.
227 North First Street
San Jose, CA 95113
(408) 298-7120

@PFDesktop\::ODMA/MHODMA/IMANAGE;IMANAGE;410466;1

9

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS                                                    CV 07-04392 CW