Archie S. Robinson, Esq. [SBN 34789]
asr@robinsonwood.com
ROBINSON & WOOD, INC.
227 North First Street
San Jose, CA 95113
Telephone: 408/298-7120
Facsimile: 408/298-0477

Attorneys for Plaintiff
DEBORAH J. THOMAS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - OAKLAND DIVISION

| | |
|---|---|
| DEBORAH J. THOMAS,<br><br>    Plaintiff,<br><br>vs.<br><br>THE WALT DISNEY COMPANY, WALT DISNEY STUDIOS, DISNEY PRESS, PIXAR ANIMATION STUDIOS, WALT DISNEY FEATURE ANIMATION, WALT DISNEY PICTURES, DISNEY ENTERPRISES, INC. and DOES 1 through 100, Inclusive,<br><br>    Defendants.<br>_____/ | No. CV 07-04392 CW<br><br>**PLAINTIFF'S OBJECTIONS TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE RE MOTION TO DISMISS**<br><br>Date:         November 1, 2007<br>Time:        2:00 p.m.<br>Judge:       Hon. Claudia Wilken<br>Courtroom: #2, 4th Floor |

Plaintiff Deborah Thomas ("Thomas") hereby objects to Defendants' Request for Judicial Notice on grounds that the purported facts are subject to reasonable dispute, are not generally known within the territorial jurisdiction of the trial court, and are not capable of accurate and ready determination. Fed. R. Evid. 201(b).

Specifically, the following facts cannot be judicially noticed.

1.      Defendants request the Court to take judicial notice that its motion picture, "Finding Nemo" was "shown before May 30, 2003, as reported in Exhibits D-G to the Declaration of Andrea Pallios Roberts." First, it is unclear what "fact" is being asserted

1

here. It is unclear whether Defendants contend that the movie was shown to the general public prior to May 30, 2003 or that it was shown to a select few individuals. It is unclear where or to whom the motion picture was shown. Second, whether the movie was shown to the public prior to May 30, 2003, is subject to reasonable dispute, not generally known, and is not capable of accurate determination by resort to sources whose accuracy cannot reasonably be questioned. The articles in Exhibits D-G to the Declaration of Andrea Pallios Roberts ("Roberts") do not establish the fact asserted. Thus, it is not capable of accurate determination based on the Exhibits as sources. *See* Fed. R. Evid. 201(b).

2.  Defendants fail to satisfy the requirements of Fed. R. Evid. 201(b), in arguing that "'Finding Nemo'" and its general plot, story line and characters, was publicized before its May 30, 2003 general release." This is not a fact at all, but rather, an opinion. Defendants' opinion is subject to reasonable dispute. Moreover, it is not generally known, and is not capable of accurate determination by resort to sources whose accuracy cannot reasonably be questioned. Exhibits A-L of the Roberts declaration do not support the fact asserted. The exhibits refer to the release of the movie, "Finding Nemo" but do not necessarily publicize its general plot, story line, and characters. Thus, the Court cannot take judicial notice of this purported fact.

3.  Defendants contention that the movie, "Finding Nemo" was advertised in trailers preceding other movies and in television commercials in advance of its general release is subject to dispute, not generally known, and is not capable of accurate determination by resort to sources whose accuracy cannot reasonably be questioned.

4   Plaintiff disputes that it was "publicized" that Defendants would develop video games based on the film. Also, this purported fact is not generally known, and is not capable of accurate determination by resort to sources whose accuracy cannot reasonably be questioned. Exhibits J and K, print-outs from a website, are not sources whose accuracy cannot reasonably be questioned.

5.  Plaintiff disputes that "[b]efore the May 30, 2003 release of the film, 'Finding Nemo,' Defendants publicized that they planned an extensive marketing campaign in connection with the film, as reported in Exhibit K to the Roberts Declaration." This is

Robinson & Wood, Inc.
227 North First Street
San Jose, CA 95113
(408) 298-7120

1  not a "fact" generally known, and is not capable of accurate determination by resort to
2  sources whose accuracy cannot reasonably be questioned. Again, Exhibit K, a print-out of a
3  website, is not a source without question.
4       6.   Defendants request the Court generally to take judicial notice of all of the
5  exhibits attached to the Roberts Declaration, Exhibits A through I, and presumably the
6  content within each article. Plaintiff objects. Although Roberts avers that she printed the
7  articles, the content contained in the articles does not necessarily support the disputed
8  facts asserted and is subject to varying interpretation. Also, the exhibits are not a source
9  whose accuracy cannot reasonably be questioned. *See e.g. In re Avista Corp. Securities*
10 *Litigation*, 415 F.Supp.2d 1214, 1217-1218 (E.D. Wash. 2005)(courts may only take
11 judicial notice of adjudicative facts that are not subject to reasonable dispute).

13 Dated:   October 11, 2007

                                      ROBINSON & WOOD, INC.

                                              /s/

                                      By_____
                                      ARCHIE S. ROBINSON
                                      Attorneys for Plaintiff
                                      DEBORAH J. THOMAS

@PFDesktop\::ODMA/MHODMA/IMANAGE;IMANAGE;410500;1

Robinson & Wood, Inc.
227 North First Street
San Jose, CA 95113
(408) 298-7120