QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  Claude M. Stern (Bar No. 96737)
  claudestern@quinnemanuel.com
  Evette D. Pennypacker (Bar No. 203515)
  evettepennypacker@quinnemanuel.com
  Andrea Pallios Roberts (Bar No. 228128)
  andreaproberts@quinnemanuel.com
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065-2139
Telephone:     (650) 801-5000
Facsimile:     (650) 801-5100

Attorneys for Defendants The Walt Disney
Company, Walt Disney Pictures, Disney Book
Group, LLC, Pixar, and Disney Enterprises, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| Deborah J. Thomas,<br><br>      Plaintiff,<br><br>vs.<br><br>The Walt Disney Company, Walt Disney Studios, Disney Press, Pixar Animation Studios, Walt Disney Feature Animation, Walt Disney Pictures, Disney Enterprises, Inc., and DOES 1 through 100, Inclusive,<br><br>      Defendants. | CASE NO. 4:07-cv-4392<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND PLAINTIFF'S COMPLAINT**<br><br>Date:    November 1, 2007<br>Time:    2:00 p.m.<br>Place:   Courtroom 2<br>Judge:  Hon. Claudia Wilkin |

# TABLE OF CONTENTS

**Page**

Introduction ........................................................................................................................... 1

Background ........................................................................................................................... 2

Argument .............................................................................................................................. 3

I. THE COPYRIGHT ACT COMPLETELY PREEMPTS EQUIVALENT STATE LAW CLAIMS ............................................................................................................ 3

II. THE COPYRIGHT ACT PREEMPTS PLAINTIFF'S §17200 CLAIM .......................... 4

    A. Allegations in the Complaint and the Notice of Removal Control the Court's Preemption Analysis. .............................................................................. 5

    B. The Rights Plaintiff Asserts are "Equivalent" to Rights Protected by Federal Copyright Laws. ............................................................................................... 6

        1. The Complaint only alleges copyright infringement. ................................. 6

        2. Plaintiff fails to allege an "extra" breach of confidence element. ................ 7

        3. Plaintiff fails to allege the "extra element" of false misrepresentation. ................................................................................ 13

Conclusion .......................................................................................................................... 15

# TABLE OF AUTHORITIES

**Page**

## Cases

*Aagard v. Palomar Builders, Inc.*,
  344 F. Supp. 2d 1211 (E.D. Cal. 2004) ................................................................................. 7

*Aliotti v. R. Dakin & Co.*,
  831 F.2d 898 (9th Cir. 1987) ............................................................................................ 8, 12

*Anderson v. Stallone*,
  1989 WL 206431 (C.D. Cal. 1989) ................................................................................... 9, 12

*Balboa Insurance Co. v. Trans Global Equities*,
  218 Cal. App. 3d 1327 (1990) .......................................................................................... 8, 12

*Davies v. Krasna*,
  245 Cal. App. 2d 535 (1966) ............................................................................................ 8, 11

*Design Art. v. National Football League Properties, Inc.*,
  2000 WL 33151646 (C.D. Cal. 2000) ............................................................................... 9, 12

*Dielsi v. Falk*,
  916 F. Supp. 985 (C.D. Cal. 1996) ................................................................................... 4, 14

*Faris v. Enberg*,
  97 Cal. App. 3d 309 (Cal. App. 2 Dist. 1979) ....................................................... 7, 8, 10, 12, 13

*Firoozye v. Earthlink Network*,
  153 F. Supp. 2d 1115 (N.D. Cal. 2001) ................................................................................. 4

*Fleet v. CBS Inc.*,
  50 Cal. App. 4th 1911 (1996) ................................................................................................ 4

*Goldberg v. Cameron*,
  482 F. Supp. 2d 1136 (N.D. Cal. 2007) ............................................................................. 4, 6

*Grimm v. Healthmont, Inc.*,
  2002 WL 31549095 (D. Or. 2002) ......................................................................................... 6

*Grosso v. Miramax Film Corp.*,
  383 F.3d 965 (9th Cir. 2004) ................................................................................................ 13

*Idema v. Dreamworks*,
  162 F. Supp. 2d 1129 (C.D. Cal. 2001) ..................................................................... 9, 12, 15

*Kanter v. Warner-Lambert Co.*,
  52 F. Supp. 2d 1126 (N.D. Cal. 1999) .................................................................................. 5

*Kodadek v. MTV Networks, Inc.*,
  152 F.3d 1209 (9th Cir. 1998) ...................................................................................... 4, 6, 7

*Metrano v. Fox Broadcasting Co., Inc.*,
   2000 WL 979664 (C.D. Cal. 2000) .............................................................................. 4

*Patriot Scientific Corp. v. Korodi*,
   2007 WL 1558510 (S.D. Cal. 2007) ........................................................................... 12

*Rosciszewski v. Arete Associates, Inc.*,
   1 F.3d 225 (4th Cir. 1993) ........................................................................................... 3

*Schroeder v. Trans World Airlines, Inc.*,
   702 F.2d 189 (9th Cir. 1983) ....................................................................................... 5

*Smith & Hawkin, Ltd. v. Gardendance, Inc.*,
   2004 WL 2496163 (N.D. Cal. 2004) ............................................................................ 7

*Sparta Surgical Corp. v. National Ass'n of Securities Dealers, Inc.*,
   159 F.3d 1209 (9th Cir. 1998) ....................................................................... 5, 6, 10, 14

*Strawflower Electronics, Inc. v. Radioshack Corp.*,
   2005 WL 2290314 (N.D. Cal. 2005) .......................................................................... 12

*Tele-Count Engineers, Inc. v. Pacific Telephone and Telegraph Co.*,
   168 Cal. App. 3d 455 (1985) .......................................................................... 8, 10, 11, 12

*Terarecon, Inc. v. Fovia, Inc.*,
   2006 WL 1867734 (N.D. Cal. 2006) ..................................................................... 14, 15

*Valente-Kritzer Video v. Pinckney*,
   881 F.2d 772 (9th Cir. 1989) ..................................................................................... 14

*Worth v. Universal Pictures, Inc.*,
   5 F. Supp. 2d 816 (C.D. Cal. 1997) ............................................................................. 4

**Statutes**

17 U.S.C. § 102(a) ................................................................................................................. 4

17 U.S.C. § 301(a) ................................................................................................................. 4

17 U.S.C. § 507 ..................................................................................................................... 1

28 U.S.C. §1388(a) ................................................................................................................ 4

**Introduction**

Plaintiff's attempt to cast her time-barred copyright claim as a California Business and Professions Code section 17200 violation fails. In her Complaint, Plaintiff alleges only that Defendants had possession of her "original literary work" and "incorporated" it into the motion picture "Finding Nemo" and a game called "Squisher." These are copyright allegations, nothing more. In her motion to remand, a last ditch attempt to avoid the jurisdiction of this Court (and the inevitable dismissal of her tardy infringement claims),[1] Plaintiff impermissibly makes new allegations not present in her Complaint. She argues that her claim is really one for breach of confidence and fraudulent misrepresentation. Even if properly pled in her Complaint, however, these charges would add nothing to Plaintiff's attempt to avoid preemption.

Tellingly, even when trying to improperly supplement her Complaint in her motion to remand, Plaintiff does not allege any circumstances that would support the existence of a confidential relationship between her and Defendants, or that Defendants intentionally misrepresented anything more than a so-called promise not to infringe her copyright interests in her "original literary work." This is because there was no confidential relationship or fraudulent misrepresentation, and no alleged wrong beyond a possible infringement of Plaintiff's copyright interests in her alleged original literary work "Squisher the Fish."[2] For these reasons, and those discussed below, her Complaint is properly before this Court and her motion to remand should be denied.[3]

---

[1] The Copyright Act provides for a three-year limitations period for copyright infringement claims. 17 U.S.C. § 507. Plaintiff alleges that the motion picture "Finding Nemo" "was first released and shown to the public" on May 30, 2003. (Complaint, ¶ 15.) Plaintiff filed her lawsuit on May 29, 2007, a year beyond the statutory deadline.

[2] Though not relevant to this opposition, Defendants deny that any portion of the hugely popular "Finding Nemo" was copied from Plaintiff's — or any third parties' — works, and find it puzzling that she waited four years after the film's release to pursue this lawsuit.

[3] Shortly before Defendants filed their opposition to Plaintiff's remand motion, they were served with Plaintiff's opposition to their motion to dismiss. In her opposition, Plaintiff states that she filed an amended complaint alleging copyright infringement. To date, Defendants have not been served with Plaintiff's amended complaint. If Plaintiff serves an amended complaint alleging copyright infringement,
   (footnote continued)

## Background

Although comprising approximately 5 pages, the heart of the Complaint is contained in just a few paragraphs. These allegations plainly articulate but one cause of action, a copyright infringement claim:

> In the summer of 2000, Plaintiff created an original literary work entitled "Squisher the Fish." On or about April 6, 2001, Plaintiff submitted said literary work to Defendants . . . for the purpose of selling her work for use as a movie, published book, television show, game or other commercial applications. Defendants . . . kept and reviewed Plaintiff's said original work until approximately June 22, 2001.
>
> During the time Defendants had possession of Plaintiff's said original work, Defendants . . . copied Plaintiff's said original work and incorporated it into a movie created, produced, distributed and sold by Defendants . . . entitled "Finding Nemo. . . After May 30, 2003, Defendants . . . incorporated Plaintiff's original work into a game [they] created, marketed and sold . . . entitled "Squisher". . .
>
> Neither the movie, "Finding Nemo," nor the game, "Squisher," gives Plaintiff credit for having been the author of the original work that was copied by Defendants . . . and incorporated into said movie and game, respectively. (Complaint ¶¶11-19)

As these core allegations amply reveal, the Complaint simply alleges a violation of rights the federal Copyright Act protects, i.e. that Defendants had possession of Plaintiff's original work and incorporated it into new works without giving her credit. In an effort to avoid this Court's jurisdiction, Plaintiff attempts to supplement these charges by including new, additional factual allegations in her remand motion. For example, the remand motion alleges:

- Defendants wrote to Thomas, contending it was not their business practice to take outside submissions. Despite this representation, Defendants used the story submitted by Thomas, and incorporated it into a movie entitled "Finding Nemo," along with other products sold by Defendants, including a video game entitled "Squisher." (Motion at 2:24-28)

---

her motion to remand will be moot because their would be no doubt this Court has federal question jurisdiction. In any event, because Defendants have not yet been served with Plaintiff's amended complaint, this Court should decide Plaintiff's remand motion and Defendants' motion to dismiss based upon the pleadings as they currently stand.

- When Thomas submitted her story to Defendants, she was in the vulnerable position of being an unrepresented individual who submitted her story to a colossus in the entertainment industry, the Walt Disney Company and its subsidiaries. She submitted her story with the understanding and belief that Defendants would be in a superior position to know how to best utilize her 'Squisher the Fish' story. She never imagined that Defendants would claim to be not interested in her story, while at the same time incorporating it into their movie, "Finding Nemo." (Motion at 4:25-5:5)

- Here, Thomas' story, 'Squisher Fish' was detailed and novel. It was a complete story that could be used as a children's story or incorporated into a different medium. (Motion at 5:27-28)

- Thomas' submission of a complete and original story is a significant factor demonstrating a confidential relationship. (Motion at 5:28-6:2)

- Defendants' statement to Thomas that they were not interested in her story is a representation that they would not use her story and violate her authorship rights....The gravamen of Thomas' unfair competition claim is a false representation made by Defendants, to wit: that Defendants had no interest in commercially exploiting Plaintiff's story, while Defendants were simultaneously harboring an intent to use the story as the basis for a movie. (Motion at 7:6-14)

None of these new allegations are hinted at, let alone included, in Plaintiff's Complaint, and thus they should be disregarded for purposes of her remand motion.

Even if properly alleged in her Complaint, these allegations would not have saved Plaintiff's state law claim from preemption. Presumably, these new factual allegations constitute Plaintiff's best shot at avoiding preemption, thus, even if Plaintiff had asked for leave to amend (she has not), there would be no basis to grant that request because these new allegations do not change the fact that Plaintiff's state claim seeks to protect rights equivalent to rights protected by federal copyright law. Plaintiff's remand motion should be denied.

## Argument

### I. THE COPYRIGHT ACT COMPLETELY PREEMPTS EQUIVALENT STATE LAW CLAIMS

It is without question that the federal Copyright Act "completely" preempts equivalent state law claims. *See, e.g., Rosciszewski v. Arete Associates, Inc.*, 1 F.3d 225, 232-33 (4th Cir.

1993). *Accord Firoozye v. Earthlink Network*, 153 F. Supp. 2d 1115, 1123 (N.D. Cal. 2001); *Metrano v. Fox Broadcasting Co., Inc.*, 2000 WL 979664, *3 (C.D. Cal. 2000) ("state claims that are equivalent to federal copyright claims are completely preempted by the Copyright Act"); *Worth v. Universal Pictures, Inc.*, 5 F. Supp. 2d 816 (C.D. Cal. 1997) ("Complete preemption has been found for claims brought under the Copyright Act"); *Dielsi v. Falk*, 916 F.Supp. 985 (C.D. Cal. 1996) ("[a]lthough there is no Ninth Circuit authority on point, a common law claim preempted by federal copyright law is clearly *completely* preempted"); *see also* 28 U.S.C. §1388(a) (federal courts have exclusive jurisdiction over copyright cases); *Fleet v. CBS Inc.*, 50 Cal. App. 4th 1911, 1918 (1996) (Section 301 of the Copyright Act "expressly prohibits states from legislating in the area of copyright law."); 17 U.S.C. § 301(a).

Contrary to Plaintiff's remand arguments, this is hardly an uncertain area of law; neither is the fact that state claims virtually identical to Plaintiff's have been routinely deemed equivalent to those pursued under the federal Copyright Act.

## II. THE COPYRIGHT ACT PREEMPTS PLAINTIFF'S §17200 CLAIM

Plaintiff's state law unfair competition claim is preempted by the federal Copyright Act if (1) the work involved falls within the "subject matter" of the Copyright Act and (2) the rights that the plaintiff asserts under state law are "equivalent" to those protected by the Copyright Act. *Kodadek v. MTV Networks, Inc.*, 152 F.3d 1209, 1212 (9th Cir. 1998); *Goldberg v. Cameron*, 482 F. Supp. 2d 1136, 1151 (N.D. Cal. 2007) (quoting *Kodadek*, 152 F.3d at 1212).

Plaintiff does not dispute that her work falls under the subject matter of copyright and thus that the first preemption prong is satisfied. (*See* Motion at 4.) The Copyright Act protects literary works fixed in a tangible medium of expression from which they can be perceived, reproduced or otherwise communicated (17 U.S.C. § 102(a)), and Plaintiff alleges she "created an original literary work entitled 'Squisher the Fish'" in the summer of 2000. (Complaint, ¶ 11.) She also alleges Defendants "kept and reviewed" her "original literary work" from April 6, 2001 through June 22, 2001. (*Id.*, ¶¶ 11-14, 16, 19.) Thus, Plaintiff's work squarely falls within the "subject matter" of the Copyright Act. *See* 17 U.S.C. § 301(a); *Kodadek*, 152 F.3d at 1213; *Goldberg*, 482 F. Supp. 2d at 1151.

Accordingly, Plaintiff's remand motion is based solely on the erroneous assertion that the rights she seeks to assert pursuant to Section 17200 are not equivalent to rights protected by the Copyright Act. More specifically, Plaintiff relies on allegations not alleged in her Complaint that she hopes add "new" elements based on breach of confidence and fraudulent misrepresentation theories to try and save her claims from federal preemption.

Plaintiff's new allegations do not avoid federal preemption. First, it is the allegations in Plaintiff's Complaint and the Defendants' Notice of Removal that are dispositive of Plaintiff's motion. A plaintiff cannot compel remand by asserting new allegations in a remand motion *itself*. (*See* Section II.A. *supra*.)

Second, even if the new allegations were properly pled in the Complaint, Plaintiff's state law claim would remain the equivalent of a copyright claim because there was no "confidential" or other relationship between Plaintiff and Defendants, and because — even assuming Defendants did inform Plaintiff of a business practice of not accepting outside submissions — Plaintiff's new allegations do not support a fraudulent misrepresentation claim. (*See* Section II.B.3 *supra.*)

**A.    Allegations in the Complaint and the Notice of Removal Control the Court's Preemption Analysis.**

When evaluating Plaintiff's remand motion the Court should look only to the allegations in Plaintiff's *Complaint* and Defendants' Notice of Removal. *Schroeder v. Trans World Airlines, Inc.*, 702 F.2d 189, 191 (9th Cir. 1983); *see also Kanter v. Warner-Lambert Co.*, 52 F. Supp. 2d 1126 (N.D. Cal. 1999). In fact, courts have denied a plaintiff's motion to remand where the facts in the original complaint supported federal jurisdiction even where the plaintiff filed an amended complaint after removal. *See, e.g., Sparta Surgical Corp. v. National Ass'n of Securities Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998).

Here, Plaintiff has not even bothered to file an amended Complaint. Nor has she argued that she is in possession of evidence that would establish a claim for breach of confidence or fraudulent misrepresentation if she were allowed to amend her pleading. Instead, Plaintiff unilaterally attempts to state new factual allegations for the first time in her motion. This is an impermissible attempt to avoid preemption, as would be a future attempt to amend her Complaint.

"*[A] plaintiff may not compel remand by amending a complaint to eliminate the federal question upon which removal was based*." *Sparta Surgical*, 159 F.3d at 1213 (emphasis added). *Accord Grimm v. Healthmont, Inc.*, 2002 WL 31549095, *7 (D. Or. 2002) (following *Sparta* and disregarding a change in the plaintiff's original theory of the case because removal was proper based on the allegations in the pleadings at the time of removal).

This Court must, therefore, deny Plaintiff's motion because the Complaint — even if it contained the new, impermissible allegations — seeks redress of rights that are the equivalent of rights protected by copyright law, which is within the exclusive realm of federal court jurisdiction.

### B. The Rights Plaintiff Asserts are "Equivalent" to Rights Protected by Federal Copyright Laws.

Preemption is mandated when a plaintiff asserts rights that are "equivalent" to those protected by the Copyright Act. *Kodadek*, 152 F.3d at 1212; *Goldberg*, 482 F. Supp. 2d at 1151. As set forth below, Plaintiff's Complaint — even if it properly could be supplemented by the new allegations in her motion, which it cannot — is devoid of an "extra element" that would take her lawsuit outside the umbrella of the Copyright Act. *See id.*

#### 1. The Complaint only alleges copyright infringement.

The Copyright Act grants rights "to reproduce the copyrighted work in copies," "to prepare derivative works based upon the copyrighted work," "to distribute copies . . . to the public," and "to display the copyrighted work publicly." *Kodadek*, 152 F.3d at 1213 (*citing* 17 U.S.C. § 106). Here, Plaintiff alleges Defendants "*copied*" her work and incorporated it into the movie "Finding Nemo" which was "*created, produced, distributed and sold* by Defendants" and a game entitled "Squisher" which was "*created, marketed and sold* by Defendants." (Complaint, ¶ 16) (emphasis added). She further alleges that neither "Finding Nemo" nor "Squisher" provides her credit for the work "*copied* by Defendants." (*Id.*, ¶ 19) (emphasis added). These are copyright allegations.

Under virtually identical circumstances, courts consistently have held that Section 17200 claims are completely preempted by the Copyright Act. In *Kodadek*, for example, plaintiff alleged defendants published and placed on the market for sale products bearing images subject to

plaintiff's copyright and "released a cartoon derived from his drawings without his authorization and released merchandise derived from his drawings without his authorization." *Kodadek*, 152 F.3d at 1212-13. The Ninth Circuit did not hesitate to hold plaintiff's Section 17200 claim was preempted by the Copyright Act. *Id.* at 1213l; *see also Aagard v. Palomar Builders, Inc.*, 344 F. Supp. 2d 1211 (E.D. Cal. 2004) (unfair competition claim preempted by the Copyright Act); *Smith & Hawkin, Ltd. v. Gardendance, Inc.*, 2004 WL 2496163, * 4 (N.D. Cal. 2004) (same). Having solely alleged a violation of rights protected by the Copyright Act in her Complaint, Plaintiff's Section 17200 claim is squarely preempted by federal law.

## 2. Plaintiff fails to allege an "extra" breach of confidence element.

Plaintiff attempts to distinguish her state law unfair competition claim from those preempted in *Kodadek*, *Aagard*, and *Gardendance* by contending that her claim actually falls under a "breach of confidence" label. (Motion at 4.) Plaintiff's attempt fails. "An actionable breach of confidence will arise when an idea, whether or not protectable, is *offered to another in confidence*, and is *voluntarily received by the offeree in confidence* with the understanding that it is not to be disclosed to others, and is not to be used by the offeree for purposes beyond the limits of the confidence without the offeror's permission." *Faris v. Enberg*, 97 Cal.App.3d 309, 323 (Cal. App. 2 Dist. 1979) (emphasis added). Courts consistently have held that the mere submission of an idea, without more, is insufficient to establish a confidential relationship:

> In order to prevent the unwarranted creation or extension of a monopoly and restraint on progress in art, ***a confidential relationship will not be created from the mere submission of an idea to another.*** There must exist evidence of the communication of the confidentiality of the submission or evidence from which a confidential relationship can be inferred.

*Id.* at 323 (emphasis added). Plaintiff fails to allege, either in the Complaint or her remand motion, that she communicated the alleged confidential nature of her literary work to Defendants and that Defendants knew that her literary work was to be kept confidential, let alone that Defendants voluntarily accepted Plaintiff's submission under her terms. The only allegation to support the new confidence charge is that upon receiving Plaintiff's unsolicited submission, Defendants returned it to her with a note stating that it was not their business practice to take outside submissions. Even if properly included in the Complaint, such a response would provide

1 no inference of a confidential relationship.  Indeed, the opposite is true.  Such a generic response
2 about a general business practice would reflect the lack of any relationship whatsoever between
3 Plaintiff and Defendants, and certainly would refute any theory that Defendants voluntarily
4 accepted Plaintiff's submission under her so-called unarticulated "confidential" terms.

Moreover, in every case cited in the motion, courts required that the plaintiff demonstrate that the defendant/recipient of an idea or literary work had actual knowledge — *before* receiving the submission -- that the plaintiff expected the idea or literary work to be kept confidential.  *See, Davies v. Krasna*, 245 Cal.App.2d 535, 547 (1966) ("*It must be made clear that a confidential disclosure cannot be predicated merely upon the statement of the originator that he is submitting his idea in confidence.  Either there must be a pre-existing relationship of trust and confidence...or the person to whom disclosure is made must agree to hold the idea in confidence and at least impliedly agree not to use it or disclose it to others.*") (emphasis added); *Tele-Count Engineers, Inc. v. Pacific Telephone and Telegraph Co.*, 168 Cal.App.3d 455, 464 (1985) ("Thus, in all cases the gravamen of the tort is an understanding between the parties that an idea is offered upon a condition of confidence."); *Balboa Insurance Co. v. Trans Global Equities*, 218 Cal.App.3d 1327, 1345 (1990) (citing *Faris* and noting "[t]here must exist evidence of the communication of the confidentiality of the submission or evidence from which a confidential relationship can be inferred"); *see also Aliotti v. R. Dakin & Co.*, 831 F.2d 898 (9th Cir. 1987) (breach of confidence claim failed because there was no evidence that defendant knew the information was disclosed in confidence or the parties agreed the confidences would be maintained).

No court has found a confidential relationship without this subjective knowledge element.  *See id.*  Yet, Plaintiff fails to allege — either in her Complaint (which is controlling) or her remand motion — that she communicated to Defendants in any way that her work was confidential, let alone the additional required circumstance that Defendants understood and agreed to such a confidentiality demand.  Plaintiff only alleges that she unilaterally submitted her work to Defendants under un-communicated terms she wished they would accept, nothing more.  (Complaint, ¶ 12.)  Thus, Plaintiff's own case authorities demonstrate that her breach of confidence charge fails as a matter of law.

Even where plaintiffs have alleged more supporting facts than Plaintiff alleges here, courts have not hesitated to find that breach of confidence claims fail. In *Idema v. Dreamworks*, 162 F.Supp.2d 1129, 1190-91 (C.D. Cal. 2001), for example, the court dismissed a breach of confidence claim on the grounds that the claim was preempted by the Copyright Act. There, plaintiff alleged that the work was submitted and marked confidential and defendants breached the "understood" confidence when they "used" the submitted work. The court found the claim depended on defendants' "use" of the work and that plaintiff Idema failed to allege facts supporting a confidential relationship. The end result: Idema had at most pled a breach of an implied promise not to use the work, which was squarely preempted by the Copyright Act. That is the very situation Plaintiff finds herself in here.

The court similarly found a breach of confidence claim failed in *Design Art. v. National Football League Properties, Inc.*, 2000 WL 33151646 (C.D. Cal. 2000). There, plaintiff alleged that an implied obligation existed between the parties when plaintiff transmitted the work at issue in confidence, and further alleged that the implied obligation was breached by defendants' "converting, assuming, encumbering and/or improperly utilizing the subject work" without consent. The *Design Art* court found these allegations constituted breach of an implied obligation not to use, but not a breach of confidence, and that plaintiff's action was preempted by federal copyright law. And, in *Anderson v. Stallone*, 1989 WL 206431, *5 (C.D. Cal. 1989), the court dismissed a breach of confidence claim where plaintiff's allegations failed to incorporate the extra element necessary to avoid preemption by alleging the existence of an actual confidential relationship.

Here, Plaintiff does not even allege that she marked her literary work "confidential" or that she communicated in any way to Defendants that her literary work was confidential. For these reasons alone, her new breach of confidence claim must fail. Moreover, there are not other circumstances here that would begin to support inferring a confidential relationship between Plaintiff and Defendants. Indeed, all circumstances, whether or not properly pled, firmly point to the conclusion there was no such relationship.

*Faris* explains that a confidential relationship can be inferred where there is an implied-in-fact contract, the submitted work was protected by reason of "novelty and elaboration," or that a particular relationship, such as a partnership, existed. *Faris*, 97 Cal. App. 3d at 323. Plaintiff has not alleged an implied-in-fact contract, nor could she.[4] Instead, Plaintiff attempts to elaborate her factual claims in her motion (which is an improper vehicle for factual allegations) by asserting that (a) her work was novel and (b) the parties dealt on unequal terms. Neither assertion, even if true and properly pled, would save Plaintiff's state law claim from preemption.

Plaintiff does not describe anywhere in her Complaint the nature of her "literary work." For the first time in her motion, she alleges, *inter alia*, that her "story, 'Squisher Fish' was detailed and novel. It was a complete story that could be used as a children's story or incorporated into a different medium." (Motion at 5:27-28.) As set forth above in Section II.A, Plaintiff's motion stands and falls on the allegations in her Complaint, and these new allegations must be disregarded. *Sparta Surgical*, 159 F.3d at 1213.

However, even if the Court were to consider these new allegations, it is clear that a bare allegation of novelty, without the required creation of an understanding between the parties that Plaintiff's work would be kept confidential, fails to state a claim for breach of confidence. *Tele-Count Engineers*, 168 Cal.App.3d at 464. Plaintiff misses the mark when she cites *Tele-Count* at page 6 of her remand motion to support the proposition that novelty infers a confidential relationship in the circumstances at issue here. *Tele-Count* made clear that novelty alone does not establish a breach of confidence claim. *Id.* at 462-66. An understanding of confidentiality between the parties is an essential element of such a charge: "Thus, in all cases the gravamen of the tort is *an understanding* between the parties that an idea is offered upon a condition of

---

[4] According to *Faris*, for an implied-in-fact contract Plaintiff must show: she prepared the work, she disclosed it to Defendants for sale, Defendants **voluntarily accepted** the disclosure knowing the conditions on which it was tendered, i.e. that Plaintiff expected compensation, and the reasonable value of the work. *Faris*, 97 Cal. App. 3d at 318. Here, Plaintiff does not, and cannot, claim Defendants voluntarily accepted the submission of her work knowing that she intended to be paid. "[A]n obligation to pay [cannot] be inferred from the mere fact of submission." *Id.* at 319 (emphasis added).

confidence." *Id.* at 464 (emphasis added). *Tele-Count* further advised that such an understanding cannot arise "absent 'evidence of knowledge of confidence.'" *Id.* at 465. And "[a]n opportunity to reject is mandatory if the defendant is to be charged with having voluntarily assumed the obligation to maintain the confidentiality of disclosed information." *Id.* Plaintiff does not allege that she had an understanding with Defendants that her work would be kept in confidence, that Defendants had knowledge of the purported confidentiality of her work, or that Defendants had the opportunity to reject her work. Plaintiff did not inform Defendants, before submitting her work or at any other time, that she considered the work to be confidential or that she wanted to be paid. Thus, Defendants had no opportunity to reject the work and Plaintiff's undisclosed terms. *Tele-Count* therefore supports federal preemption. *Id.* at 464-66.

Citing *Davies*, 245 Cal. App. 2d at 548, Plaintiff next argues that her unfair competition claim contains the extra element of breach of confidence because a confidential relationship cannot exist where the parties deal on unequal terms. (Motion at 6.) But unequal bargaining power was not the basis of the court's holding in *Davies*. Rather, the court relied on evidence that the work was submitted by plaintiff with a reasonable expectation of payment if it was used, and the work was accepted by the defendant with full awareness of plaintiff's expectation of payment. *Id.* at 549. Again, Plaintiff does not make such allegations in her Complaint. And, in her motion Plaintiff alleges only that *she* had an understanding that Defendants would not use her work without her permission or without compensating her. She does not claim that Defendants shared that understanding and there would be no basis for such an assertion. In the absence of such an understanding *between the parties*, no breach of confidence claim can exist. *Tele-Count*, 168 Cal. App. 3d at 467.

Moreover, the only case Plaintiff relies upon to support her theory that Defendants' superior bargaining power created a confidential relationship is *Davies*. Subsequent decisions have not relied on *Davies* for such a proposition, and Defendants have not located a single case where a breach of confidence was found based *solely* on unequal bargaining power. Rather, as discussed above, since *Davies* was decided more than 40 years ago, courts consistently have required an understanding between the parties that plaintiff's work would remain confidential,

even when the parties' bargaining power may have been unbalanced. *See Tele-Count*, 168 Cal.App.3d at 464; *Balboa Insurance*, 218 Cal.App.3d at 1345; *Aliotti*, 831 F.2d 898; *Idema*, 162 F.Supp.2d at 1190-91; *Design Art*, 2000 WL 33151646; *Anderson*, 1989 WL 206431. Even when the defendant is a "colossus" of the entertainment industry, courts often find no breach of confidence. *See, e.g., Idema*, 162 F.Supp.2d 1129 (dismissing breach of confidence claim against Dreamworks); *Anderson*, 1989 WL 206431 (dismissing breach of confidence claim against, among others, Sylvester Stallone and MGM).

Tellingly, in other cases involving confidential relationships outside the realm of breach of confidence claims, a weaker party cannot unilaterally transform a relationship into a confidential relationship simply by placing trust and confidence in a stronger party. The weaker party must have a *justification* for doing so. *See, e.g., Patriot Scientific Corp. v. Korodi*, 2007 WL 1558510, *12 (S.D. Cal. 2007) (dismissing breach of confidential relationship claim because there was no justification for plaintiff to put trust and confidence in the defendant). The relationship must be voluntarily accepted by the stronger party and it "is not created simply by the receipt of confidential information." *Strawflower Electronics, Inc. v. Radioshack Corp.*, 2005 WL 2290314, *4 (N.D. Cal. 2005).

Plaintiff's tardy allegation that a confidential relationship existed between her and Defendants is based on this same rejected theory, *i.e.*, that she put trust and confidence in Defendants. In any event, even accepting Plaintiff's allegations, there is no support for any confidence or trust theory here. There was no communication between Plaintiff and Defendants from which one could infer that Defendants solicited or accepted such trust. Indeed, the alleged response setting forth Defendants' business practice of routinely rejecting unsolicited ideas belies any notion of any relationship between the parties, let alone one of trust or confidence. Simply put: Plaintiff sent her work to Defendants without solicitation and no court has ever held that this unilateral act creates a confidential relationship. *Faris*, the seminal California case on breach of confidence, makes clear "***a confidential relationship will not be created from the mere submission of an idea to another***." *Faris*, 97 Cal.App.3d at 323 (emphasis added).

At most, plaintiff's unsolicited submission of her work with the subjective expectation to get paid may have provided the basis for an implied contract claim, which is quite different from a breach of confidence claim. *See Faris*, 97 Cal. App. 3d at 318. In any event, even that claim would have also failed as a matter of law.[5]

In sum, there is no viable allegation in the remand motion, let alone the Complaint, that Defendants voluntarily accepted Plaintiff's work with any understanding, particularly the understanding that Plaintiff expected payment, and Defendants certainly did not form an understanding with Plaintiff that her work was to be kept confidential. Instead, there merely is the circumstance that Plaintiff submitted an idea to Defendants, and courts have uniformly found this does not create a confidential relationship. Plaintiff's state law claim is preempted.

### 3. Plaintiff fails to allege the "extra element" of false misrepresentation.

Alternatively, Plaintiff alleges, for the first time in her remand motion, that her unfair competition claim "may also be" predicated on a claim for fraudulent misrepresentation and is therefore not preempted. (Motion at 7.) Plaintiff does *not* base this argument on any allegations from her Complaint. *Id*. Rather, she relies solely on charges revealed for the first time in her motion. At page 2, Plaintiff alleges: "Defendants wrote to Thomas, contending it was not their business practice to take outside submissions. Despite this representation, Defendants used the story submitted by Thomas, and incorporated it into a movie entitled 'Finding Nemo,' along with other products sold by Defendants, including a video game entitled 'Squisher.'" At page 7, Plaintiff makes the allegation that "Defendants' statement to Thomas that they were not interested in her story is a representation that they would not use her story and violate her authorship rights."

---

[5] To state a breach of an implied agreement claim, Plaintiff would have had to assert that she prepared the work, disclosed it to Defendants for sale, and did so under circumstances from which it could be concluded that Defendants voluntarily accepted the disclosure knowing the conditions on which it was tendered and the reasonable value of the work. *Id.*; *see also Grosso v. Miramax Film Corp.*, 383 F.3d 965, 967 (9th Cir. 2004). Plaintiff could not have demonstrated that Defendants voluntarily accepted the disclosure of her work knowing her conditions and the reasonable value of the work. *Id.*

1   This new theory of misrepresentation is unsupportable.  First, Plaintiff does not allege
2   anywhere in her Complaint that Defendants communicated to her in anyway, let alone that they
3   made these particular representations to her.  For that reason alone, Plaintiff's fraudulent
4   misrepresentation argument must fail.  *Sparta Surgical*, 159 F.3d at 1213; (Section II.A above).
5   Second, even if these allegations were in the Complaint, they could not save her state law
6   claim from preemption.  "It is not that simple.  Courts do not automatically conclude that, if
7   misrepresentation or deceit is alleged, a claim is not preempted by the Copyright Act."
8   *Terarecon, Inc. v. Fovia, Inc.*, 2006 WL 1867734, *4 (N.D. Cal. 2006).  Indeed, the very cases
9   cited by Plaintiff show what types of alleged misrepresentations make a state law claim
10  qualitatively different than a copyright infringement claim, and none of those cases come close to
11  distinguishing Plaintiff's state law claim from a copyright claim.
12  For example, in *Valente-Kritzer Video v. Pinckney*, 881 F.2d 772 (9th Cir. 1989), plaintiff
13  stated an "extra" element beyond a copyright claim based on the allegation that defendant
14  intentionally misrepresented its intent to perform a contract with plaintiff.  *Id.* at 776.  Here,
15  Plaintiff does not allege that Defendants intentionally misrepresented their intent to perform a
16  contract, or indeed to perform any obligation, specific or otherwise.  Instead, there is a new
17  allegation that Defendants had a practice of rejecting unsolicited ideas, and that this was
18  communicated to Plaintiff *after* she submitted her original work.  That generic communication
19  cannot constitute a representation of any type with respect to Plaintiff and the use of her work, let
20  alone a false representation.  Moreover, Plaintiff could not have justifiably relied on this or any
21  other purported representation by Defendants because there was no communication between the
22  parties *before* the unsolicited submissions.  Plaintiff herself alleges that the only communication
23  by Defendants was made when they returned her work.
24  *Dielsi v. Falk*, 916 F. Supp. 985 (C.D. Cal. 1996) is instructive.  In that case, the court
25  found plaintiff did allege an "extra" element where he claimed defendants fraudulently promised
26  they would honor plaintiff's copyrighted work and compensate him for it, while concealing that
27  they were making a television show based on the work.  *Id.* at 991-92.  Plaintiff here does not, and
28  cannot, allege Defendants made any similar promises to her about her work.

Thus, here, as in *Terarecon*, Plaintiff's fraudulent misrepresentation claim is not qualitatively different than a copyright infringement claim. 2006 WL 1867734, *4. At most, Plaintiff alleges that Defendants implied that they would not copy her work without her permission. That is a copyright claim, not a fraudulent misrepresentation claim. *See Idema*, 162 F.Supp.2d at 1190-91 (alleged fraudulent and negligent misrepresentation of authorship insufficient to survive preemption by the Copyright Act).

## Conclusion

For the foregoing reasons, this Court should deny Plaintiff's motion to remand her Complaint.

DATED: October 11, 2007

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/ Claude M. Stern
Claude M. Stern
Attorneys for Defendants The Walt Disney Company, Walt Disney Pictures, Disney Book Group, LLC, Pixar, and Disney Enterprises, Inc.

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  Claude M. Stern (Bar No. 96737)
  claudestern@quinnemanuel.com
  Evette D. Pennypacker (Bar No. 203515)
  evettepennypacker@quinnemanuel.com
  Andrea Pallios Roberts (Bar No. 228128)
  andreaproberts@quinnemanuel.com
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California  94065-2139
Telephone:     (650) 801-5000
Facsimile:      (650) 801-5100

Attorneys for Defendants The Walt Disney Company, Walt Disney Pictures, Disney Book Group, LLC, Pixar, and Disney Enterprises, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Deborah J. Thomas,<br><br>             Plaintiff,<br><br>       vs.<br><br>The Walt Disney Company, Walt Disney Studios, Disney Press, Pixar Animation Studios, Walt Disney Feature Animation, Walt Disney Pictures, Disney Enterprises, Inc., and DOES 1 through 100, Inclusive,<br><br>             Defendants. | CASE NO. 107 CV 086977<br><br>**[PROPOSED] ORDER DENYING MOTION TO REMAND PLAINTIFF'S COMPLAINT** |

On November 1, 2007 at 2:00 p.m., the Court heard Plaintiff's Motion to Remand Plaintiff's Complaint.  Having considered the moving and opposition papers and the arguments of the parties, the Court hereby DENIES the motion.

IT IS SO ORDERED.

DATE:_____

_____
United States District Judge

51279/2252274.1

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND PLAINTIFF'S COMPLAINT