Archie S. Robinson, Esq. [SBN 34789]
asr@robinsonwood.com
ROBINSON & WOOD, INC.
227 North First Street
San Jose, CA 95113
Telephone: 408/298-7120
Facsimile: 408/298-0477

Attorneys for Plaintiff
DEBORAH J. THOMAS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - OAKLAND DIVISION

| | |
|---|---|
| DEBORAH J. THOMAS,<br><br>Plaintiff,<br><br>vs.<br><br>THE WALT DISNEY COMPANY, WALT DISNEY STUDIOS, DISNEY PRESS, PIXAR ANIMATION STUDIOS, WALT DISNEY FEATURE ANIMATION, WALT DISNEY PICTURES, DISNEY ENTERPRISES, INC. and DOES 1 through 100, Inclusive,<br><br>Defendants. | No. CV 07-04392 CW<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTION FOR COPYRIGHT INFRINGEMENT AND UNFAIR COMPETITION**<br><br>**JURY DEMAND** |

**JURISDICTION AND VENUE**

1.  This is an action seeking damages and injunctive relief for copyright infringement under the Copyright Act, 17 U.S.C. §§ 101 et. seq., and for related claims of state unfair competition under the California Business & Professions Code §17200 et seq.

2.  This Court has subject matter jurisdiction over the federal questions pursuant to 17 U.S.C. § 501 and 28 U.S.C. §§ 1331 and 1338(a). The Court also has supplemental jurisdiction over plaintiff's claims arising under California Business & Professions Code

Robinson & Wood, Inc.
227 North First Street
San Jose, CA 95113
(408) 298-7120

1

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTION FOR COPYRIGHT INFRINGEMENT AND UNFAIR COMPETITION
CV 07-04392 CW

§§ 17200 et seq pursuant to 28 U.S.C. § 1367, as those claims form part of the same case or controversy.

3. Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400(a).

## PARTIES

4. Plaintiff Deborah J. Thomas is a resident of the State of Florida.

5. Defendant THE WALT DISNEY COMPANY, is a corporation, licensed to do business in the State of California, and doing business in the County of Santa Clara.

6. Defendant WALT DISNEY STUDIOS, is a corporation, licensed to do business in the State of California, and doing business in the County of Santa Clara.

7. Defendant DISNEY PRESS, is a corporation, licensed to do business in the State of California, and doing business in the County of Santa Clara.

8. Defendant PIXAR ANIMATION STUDIOS, is a corporation, licensed to do business in the State of California, and doing business in the County of Santa Clara.

9. Defendant WALT DISNEY FEATURE ANIMATION, is a corporation, licensed to do business in the State of California, and doing business in the County of Santa Clara.

10. Defendant WALT DISNEY PICTURES, DISNEY ENTERPRISES, INC., is a corporation, licensed to do business in the State of California, and doing business in the County of Santa Clara.

11. The true names and capacities of Defendants who are sued herein as Does 1 through 100, inclusive, whether individual, associate, or otherwise, are unknown to Plaintiff at this time, and therefore, Plaintiff sues such fictitiously named Defendants by such fictitious names and capacities. Each of the Defendants designated herein by fictitious names is, in some manner, responsible for the events and happenings referred to herein, and caused damage proximately and foreseeably thereby, whether such responsibility was negligent, intentional or otherwise. Plaintiffs will seek leave of this Court to amend this complaint with respect to the true names and capacities of such Defendants when such fictitiously named Defendants have been ascertained with reasonable certainty.

Robinson & Wood, Inc.
227 North First Street
San Jose, CA 95113
(408) 298-7120

2

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTION FOR COPYRIGHT INFRINGEMENT AND UNFAIR COMPETITION
CV 07-04392 CW

12. Upon information and belief, each of the Defendants was acting as the agent, servant and employee of the remaining Defendants and was acting within the course and scope of such agency and employment, with the knowledge, permission, and consent of each other and of the remaining Defendants, and for the benefit of all or one or more of the Defendants.

13. Upon information and belief, when the Defendants perpetrated some or all of the acts, conduct and omissions herein alleged, each of them individually, or through their authorized agents, servants, employees, or both, knew of such acts, conduct and omissions, and/or knowingly ratified, and/or knowingly participated in, and/or knowingly authorized, and/or knowingly acquiesced in, and/or aided or abetted, and/or knowingly accepted the benefits of the same. Upon information and belief, by reason of the foregoing, the Defendants are, and were, jointly and severally liable to Plaintiff for such damages suffered as alleged herein and are further jointly and severally liable to Plaintiff for any other appropriate relief requested and granted.

**BACKGROUND FACTS**

14. In the summer of 2000, Plaintiff created an original literary work entitled "Squisher the Fish." (hereinafter referred to as the "Subject Work").

15. The Subject Work contains material wholly original with Plaintiff that is copyrightable subject matter under the laws of the United States.

16. On or about April 27, 2004, Plaintiff applied to the Register of Copyrights for a Certificate of Registration for the Subject Work. The Certificate was issued by the Register of Copyrights on April 27, 2004, and bears registration number TXu1-175-008. A true and correct copy of this Certificate is attached hereto as Exhibit A.

17. Plaintiff is currently and at all relevant times has been the sole proprietor of all right, title, and interest in and to the copyright in the Subject Work.

18. On or about April 6, 2001, Plaintiff submitted said Subject Work to Defendants for the purpose of selling her work for use as a movie, published book, television show, game or other commercial application.

Robinson & Wood, Inc.
227 North First Street
San Jose, CA 95113
(408) 298-7120

3

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTION FOR COPYRIGHT INFRINGEMENT AND UNFAIR COMPETITION
CV 07-04392 CW

19. Plaintiff submitted her work to Defendants with the understanding that they would be in a position to determine how best to use her story, and reposed confidence and trust in Defendants to deal fairly and honestly with her.

20. Plaintiff submitted her work with the understanding that the submission was confidential and Defendants would not use her Subject Work without her permission or without compensation.

21. Defendants knew or should have known that Plaintiff's story submission was in confidence and use of the story was conditioned upon Plaintiff's permission and compensation to Plaintiff.

22. Defendants kept and reviewed Plaintiff's Subject Work until approximately June 22, 2001.

23. On or about June 21, 2001, Defendants notified Plaintiff that it was their business practice to not consider outside story submissions.

24. Contrary to Defendants' representations, during the time Defendants had possession of Plaintiff's Subject Work, Defendants copied Plaintiff's Subject Work and incorporated it into a movie created, produced, distributed and sold by Defendants entitled "Finding Nemo."

25. At no time did Defendants obtain Plaintiff's authorization to use her story or provide any compensation to Plaintiff for the use of her story.

26. The movie, "Finding Nemo", was first released and shown to the public by Defendants on May 30, 2003.

27. Plaintiff first saw the movie, "Finding Nemo" on June 6, 2003. Plaintiff at that point became aware that Defendants had copied her story, "Squisher the Fish" and had incorporated it into the movie.

28. On information or belief, Defendants continued the theatrical release of the movie "Finding Nemo" domestically and internationally after May 29, 2004.

29. Each showing of "Finding Nemo" in theaters constituted a separate act of infringement of Plaintiff's rights in her Subject Work.

Robinson & Wood, Inc.
227 North First Street
San Jose, CA 95113
(408) 298-7120

4

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTION FOR COPYRIGHT INFRINGEMENT AND
UNFAIR COMPETITION                                                                CV 07-04392 CW

30. On information or belief, Defendants released the movie, "Finding Nemo" on DVD and videocassette for sale and rental. On information and belief, sales and rentals of the DVD and videocassette of "Finding Nemo" continued after May 29, 2004. Each sale and rental of the DVD and videocassette of "Finding Nemo" constituted a separate act of infringement of Plaintiff's rights in her Subject Work.

31. On information or belief, sometime after May 30, 2003, Defendants prepared a video game based on the movie, "Finding Nemo." On information or belief, sales of the video game based on "Finding Nemo" continued after May 29, 2004. Each sale of the video game based on the movie, "Finding Nemo" constituted a separate act of infringement of Plaintiff's rights in her Subject Work.

32. On information and belief, sometime after May 30, 2003, Defendants prepared children books based on the movie, "Finding Nemo." On information or belief, sales of such children books continued after May 29, 2004. Each sale of children books based on the movie, "Finding Nemo," constituted a separate act of infringement of Plaintiff's rights in her Subject Work.

33. On information and belief, Defendants have made toys and other merchandise based on the story and characters in the movie, "Finding Nemo." On information or belief, sales of such toys and other merchandise continued after May 29, 2004. Each such toy and other merchandise constitutes a separate act of infringement of Plaintiff's rights in her Subject Work.

34. On information and belief, Defendants have prepared live performances based on the movie, "Finding Nemo." On information or belief, such live performances continued after May 29, 2004. Each such live performance constituted a separate act of infringement of Plaintiff's rights in her Subject Work.

35. On information and belief, Plaintiff alleges that Defendants have received substantial revenues and profits from the showing of "Finding Nemo" in theaters, from the sale and rental of DVD and cassette copies of the movie, "Finding Nemo," and from the sale of video games, toys and merchandise and live performances based on the movie.

Robinson & Wood, Inc.
227 North First Street
San Jose, CA 95113
(408) 298-7120

5

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTION FOR COPYRIGHT INFRINGEMENT AND UNFAIR COMPETITION
CV 07-04392 CW

36. Defendants have never given credit or payment to Plaintiff for the use of her Subject Work.

### FIRST CAUSE OF ACTION
### COPYRIGHT INFRINGEMENT
### (17 U.S.C. § 101 et. seq.)

37. Plaintiff realleges each and every allegation set forth in Paragraphs 1 through 36, inclusive, and incorporates them herein by reference.

38. Through their conduct alleged herein, Defendants have infringed Plaintiff's copyright by reproducing, adapting, distributing and/or displaying the movie "Finding Nemo" and/or making and/or selling video games, books, toys and other merchandise based on the movie "Finding Nemo" which embodies Plaintiff's copyrighted material without authorization in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

39. Each infringement by Defendants, as alleged herein, in and to the Plaintiff's copyrighted material constitutes a separate and distinct act of infringement.

40. Defendants' acts of infringement were wilful in disregard of and with indifference to the rights of Plaintiff.

41. As a direct and proximate result of the infringements by Defendants, and each of them, Plaintiff is entitled to damages and Defendants' profits in amounts to be proven at trial which are not currently ascertainable. If necessary, Plaintiff will seek leave to amend this complaint to state the full amount of such damages and profits when such amounts have been ascertained.

42. Plaintiff is further entitled to her attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

43. As a direct and proximate result of the foregoing acts and conduct, Plaintiff has sustained and will continue to sustain substantial, immediate and irreparable injury, for which there is no adequate remedy at law. Plaintiff is informed and believes and on that basis alleges that unless enjoined and restrained by this Court, Defendants will continue to

Robinson & Wood, Inc.
227 North First Street
San Jose, CA 95113
(408) 298-7120

infringe Plaintiff's rights in the copyrighted material. Plaintiff is entitled to preliminary and permanent injunction pursuant to 17 U.S.C. § 502.

## SECOND CAUSE OF ACTION
## CALIFORNIA STATE UNFAIR COMPETITION CLAIM
## (CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 et. seq.)

44. Plaintiff hereby repleads and incorporates by reference paragraphs 1 through 43 of the First Cause of Action as though the same were repeated at length herein.

45. By violating the confidence reasonably reposed in them by Plaintiff, without authorization or compensation, and by intentionally misrepresenting their intentions of using Plaintiff's copyrighted work, as aforesaid, Defendants, and each of them, engaged in and continue to engage in unlawful, unfair and/or fraudulent conduct in violation of California Business & Professions Code Section 17200.

46. Defendant have also engaged in and continue to engage in conduct that is deceptive, untrue and misleading in violation of California Business & Professions Code, Section 17500, which also constitutes a violation of Section 17200.

47. Defendants' unlawful, unfair and/or deceptive acts were wilful, in disregard of and with indifference to the rights of plaintiff.

48. As a direct and proximate result of Defendants' unlawful, unfair and/or deceptive acts and practices, Plaintiff has been deprived of credit and money to which Plaintiff would have otherwise been entitled. Plaintiff is entitled to restitution of such sums in an amount which is to be proven at trial and which is not currently ascertainable. If necessary, Plaintiff will seek leave to amend this complaint to state the full amount of such sums when such amounts have been ascertained.

49. As a direct and proximate result of the foregoing acts and conducts, Plaintiff has sustained and will continue to sustain substantial, immediate and irreparable injury for which there is no adequate remedy at law. Plaintiff is informed and believes and on that basis alleges that unless enjoined or restrained by this Court, Defendants will continue to engage in conduct violative of California Business & Professions Code, Section 17200. Plaintiff is entitled to preliminary and permanent injunctive relief.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment against Defendants as follows:

1. For Plaintiff's damages and Defendants' profits in such amount as may be found;

2. For a preliminary and a permanent injunction enjoining Defendants, and each of them, and their respective agents, employees, officers, successors, licensees and assigns, and all persons acting in concert or participation with each or any of them from directly or indirectly reproducing, adapting, distributing and/or displaying the movie "Finding Nemo" and/or making and/or selling video games, books, toys and other merchandise based on the move, "Finding Nemo," or otherwise infringing in any manner Plaintiff's copyright (whether now or existence or hereafter created);

3. For restitution;

4. For prejudgment interest according to law;

5. For Plaintiff's attorneys' fees and full costs incurred in this action;

6. For punitive damages; and

7. For such other and further relief as the Court may deem just and proper.

Dated: October 31, 2007          ROBINSON & WOOD, INC.

/s/

By _____
ARCHIE S. ROBINSON
Attorneys for Plaintiff
DEBORAH J. THOMAS

## JURY DEMAND

Demand for jury is hereby requested by Plaintiff.

Dated: October 31, 2007          ROBINSON & WOOD, INC.

/s/

By _____
ARCHIE S. ROBINSON
Attorneys for Plaintiff
DEBORAH J. THOMAS

# Exhibit A

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Short Form TX**
For a Nondramatic Literary Work
UNITED STATES COPYRIGHT OFFICE

REGISTRATION NUMBER

TXu 1-175-808

Effective Date of Registration
4-27-04

Application Received
APR 27 2004

Deposit Received
One APR 27 2004  Two

Examined By: *(initials)*
Correspondence: ☐

TYPE OR PRINT IN BLACK INK. DO NOT WRITE ABOVE THIS LINE.

| | | |
|---|---|---|
| **Title of This Work:** Alternative title or title of larger work in which this work was published | 1 | "Squisher the Fish" |
| **Name and Address of Author and Owner of the Copyright:** Nationality or domicile. Phone, fax, and email. | 2 | Deborah Thomas<br>514 4th Street<br>Port St Joe, Florida 32456<br>Phone (850) 227-1763  Fax ( )<br>Email apalach500@hotmail.com |
| **Year of Creation:** | 3 | 2000 |
| **If work has been published, Date and Nation of Publication.** | 4 | a. Date _____ Month _____ Day _____ Year _____ (Month, day and year all required)<br>b. Nation |
| **Type of Authorship in This Work:** Check all that this author created. | 5 | ☒ Text (includes fiction, nonfiction, poetry, computer programs, etc.)<br>☐ Illustrations<br>☐ Photographs<br>☐ Compilation of terms or data |
| **Signature:** Registration cannot be completed without a signature. | 6 | I certify that the statements made by me in this application are correct to the best of my knowledge.* Check one:<br>☒ Author  ☐ Authorized agent<br>X *Deborah Thomas* |
| **Name and Address of Person to Contact for Rights and Permissions.** Phone, fax, and email. (OPTIONAL) | 7 | ☒ Check here if same as #2 above<br>Phone ( )  Fax ( )<br>Email |

| 8 | Name ▼ Deborah Thomas<br>Number/Street ▼ 514 4th Street<br>City/State/ZIP ▼ Port St Joe, FL 32456 | 9 | Deposit Account #_____<br>Name _____ |
|---|---|---|---|

EXHIBIT "A"