QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  Claude M. Stern (Bar No. 96737)
  claudestern@quinnemanuel.com
  Evette D. Pennypacker (Bar No. 203515)
  evettepennypacker@quinnemanuel.com
  Andrea Pallios Roberts (Bar No. 228128)
  andreaproberts@quinnemanuel.com
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065-2139
Telephone:   (650) 801-5000
Facsimile:   (650) 801-5100

Attorneys for Defendants The Walt Disney
Company, Walt Disney Pictures, Disney Book
Group, LLC, Pixar, and Disney Enterprises, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| Deborah J. Thomas,<br><br>        Plaintiff,<br><br>        vs.<br><br>The Walt Disney Company, Walt Disney Studios, Disney Press, Pixar Animation Studios, Walt Disney Feature Animation, Walt Disney Pictures, Disney Enterprises, Inc., and DOES 1 through 100, Inclusive,<br><br>        Defendants. | CASE NO. 4:07-cv-4392<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** |

      Pursuant to Federal Rule of Evidence 201, defendants The Walt Disney Company, Walt Disney Pictures (also sued as Walt Disney Studios and Walt Disney Feature Animation), Disney Book Group, LLC (sued as Disney Press), Pixar (sued as Pixar Animation Studios), and Disney Enterprises, Inc. ("Defendants") respectfully request that this Court take judicial notice of the following facts:

76171/2202296.1

- The contents of Plaintiff's copyright deposit for the work entitled "Squisher the Fish, attached as Exhibit R to the Declaration of Andrea Pallios Roberts in Support of Defendants' Motion to Dismiss Plaintiff's First Amended Complaint ("Roberts Declaration");

- The contents of the motion picture "Finding Nemo," attached as Exhibit U to the Roberts Declaration;

- "Finding Nemo" and its general plot, story line and characters, was publicized before its May 30, 2003 general release, as reported in Exhibits A-L of the Roberts Declaration;

- "Finding Nemo" was advertised in trailers preceding other movies and in television commercials in advance of it general release on May 30, 2003, as is generally done for major motion pictures;

- Before the movie "Finding Nemo" was generally released, it was publicized that Defendants would develop video games based on the film, as reported in Exhibits J and K to the Roberts Declaration;

- Before the May 30, 2003 release of the film "Finding Nemo," Defendants publicized that they planned an extensive marketing campaign in connection with the film, as reported in Exhibit K to the Roberts Declaration;

- "Finding Nemo" was released on DVD and videocassette on November 4, 2003, as reported in Exhibits M and N to the Roberts Declaration;

- The success of the release of "Finding Nemo" on DVD was publicized in November 2003, as reported in Exhibits M-S to the Roberts Declaration.

The above facts are generally known and capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned. Fed. R. Evid. 201(b)

1. <u>Copyright Deposit</u>

Defendants request the Court take judicial notice of the copyright deposit for Plaintiff's work "Squisher the Fish," on file with the United States Copyright Office and for which Plaintiff received a copyright registration. Plaintiff's copyright deposit is attached as Exhibit R to the Roberts Declaration. It is appropriate for the Court to take judicial notice of this material because it is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Courts may take judicial notice of a party's copyright registration. *Idema v. Dreamworks, Inc.*, 90 Fed. Appx. 496, 498 (9th Cir. 2003)(taking judicial notice of copyright registration); *Oroamerica Inc. v. D & W Jewelry Co, Inc.*, 10 Fed. Appx. 516, 517 n.4 (9th Cir. 2001) (same); *Island Software and Computer Service, Inc. v. Microsoft Corp.*, 413 F.3d 257, 261 (2d Cir. 2005) (same); *Vigil v. The Walt Disney Co.*, 2003 WL 22016805, *4, n.4 (N.D. Cal. 2003) (same).

2. <u>The Motion Picture "Finding Nemo"</u>

Defendants request the Court take judicial notice of the contents of the motion picture "Finding Nemo." A DVD copy of "Finding Nemo" is attached as Exhibit U to the Roberts Declaration. It is appropriate for the Court to take judicial notice of this material because it is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Moreover, Plaintiff refers to "Finding Nemo" in her First Amended Complaint, and it is central to Plaintiff's claim. Thus, because the copy attached to the Roberts Declaration is authentic, the Court may consider it in connection with Defendants' motion to dismiss. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) (overruled on other grounds by *Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

3. <u>Published Newspaper and Magazine Articles</u>

Defendants request the Court take judicial notice of (1) the publicity for Defendants' motion picture, "Finding Nemo," that took place prior to the motion picture's May 30, 2003 general theatrical release, as shown in the newspaper and magazine articles attached to the Roberts

1 | Declaration as Exhibits A, B, C, D, E, F, G, H, and I, (2) "Finding Nemo's" release on DVD on
2 | November 4, 2003, as reported in the newspaper articles attached to the Roberts Declaration as
3 | Exhibits M and N, and (3) the publicity surrounding the film's release on DVD, as shown in the
4 | newspaper articles attached to the Roberts Declaration as Exhibits M, N, O, P, and Q. It is
5 | appropriate for the Court to take judicial notice of this material because it is both "generally
6 | known within the territorial jurisdiction of the trial court" and "capable of accurate and ready
7 | determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R.
8 | Evid. 201(b). Courts may take judicial notice of adjudicative facts such as those appearing in
9 | newspapers. *Crowder v. Kitagawa*, 81 F.3d 1480, 1491 n.10 (9th Cir. 1996) (stating the court may
10 | take judicial notice of adjudicative facts appearing in newspapers); *Ritter v. Hughes Aircraft Co.*,
11 | 58 F.3d 454, 458 (9th Cir. 1995) (taking judicial notice of existence of corporate layoffs based
12 | upon newspaper articles); *Gomez-Vigil v. INS*, 990 F.2d 1111, 1115 (9th Cir. 1993) ("I will take
13 | judicial notice of the existence of accounts in leading newspapers stating that former Sandinistas
14 | control the Nicaraguan army and police forces"); *Cochran v. NYP Holdings, Inc.*, 58 F. Supp. 2d
15 | 1113, 1123 (C.D. Cal. 1998) (taking judicial notice of "overwhelming deluge of publicity
16 | attendant to" the O.J. Simpson trial)

      4.     <u>Press Releases Published on Pixar's Website</u>

18 | Defendants request that the Court take judicial notice of three press releases available on
19 | Defendant Pixar's website, attached to the Roberts Declaration as Exhibits J, K, L, R and S.
20 | Judicial notice is appropriate because the press releases' availability on Pixar's website is "capable
21 | of accurate and ready determination by resort to sources whose accuracy cannot reasonably be
22 | questioned" — the internet. Fed. R. Evid. 201(b). The Court may take judicial notice of the
23 | existence and contents of websites. *See Lund v. Luprino*, 2007 WL 1775474, *1 n.3 (E.D. Cal.
24 | 2007) ("[T]he court will grant judicial notice of the two documents on the state Emergency
25 | Services' website"); *Caldwell v. Caldwell*, 420 F. Supp. 2d 1102, 1105 n.3 (N.D. Cal. 2006)
26 | (granting request to take judicial notice of two sets of web pages); *Pollstar v. Gigmania*, 170
27 | F.Supp.2d 974, 978 n.2 (E.D. Cal. 2000) ("[T]he Court may take judicial notice of the printout of
28 | the web site for the limited purpose of evaluating the online license agreement."); *Hendrickson v.*

1  *eBay, Inc.*, 165 F.Supp.2d 1082, 1084 n.2 (C.D. Cal. 2001) ("To the extent some of the
2  descriptions about eBay's website are not in the record, the Court takes judicial notice of
3  www.eBay.com and the information contained therein...."); *Cairns v. Franklin Mint Co.*, 107
4  F.Supp.2d 1212, 1216 (C.D. Cal. 2000) (taking judicial notice of Andy Warhol's Internet site even
5  though it was not submitted by any party).

      For the foregoing reasons, this Court should take judicial notice of the documents attached as Exhibits A-S of the Roberts Declaration.

DATED: November 15, 2007

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP


By___/s/_____
Claude M. Stern
Attorneys for Defendants The Walt Disney Company, Walt Disney Pictures, Disney Book Group, LLC, Pixar, and Disney Enterprises, Inc.