Archie S. Robinson, Esq. [SBN 34789]
asr@robinsonwood.com
ROBINSON & WOOD, INC.
227 North First Street
San Jose, CA 95113
Telephone:   408/298-7120
Facsimile:   408/298-0477

Attorneys for Plaintiff
DEBORAH J. THOMAS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - OAKLAND DIVISION

| | |
|---|---|
| DEBORAH J. THOMAS,<br><br>  Plaintiff,<br><br>vs.<br><br>THE WALT DISNEY COMPANY, WALT DISNEY STUDIOS, DISNEY PRESS, PIXAR ANIMATION STUDIOS, WALT DISNEY FEATURE ANIMATION, WALT DISNEY PICTURES, DISNEY ENTERPRISES, INC. and DOES 1 through 100, Inclusive,<br><br>  Defendants. | No.  CV 07-04392 CW<br><br>**OBJECTIONS TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE**<br><br>Date:      January 31, 2008<br>Time:      2:00 p.m.<br>Judge:     Hon. Claudia Wilken<br>Courtroom: #2 |

Plaintiff Deborah Thomas ("Thomas") hereby objects to Defendants' Request for Judicial Notice on the grounds that the purported facts are subject to reasonable dispute, are not generally known within the territorial jurisdiction of the trial court, and are not capable of accurate and ready determination.  Fed. R. Evid. 201(b).

Specifically, the following facts cannot be judicially noticed.

1.     Defendants ask that the Court take judicial notice that its motion picture, "Finding Nemo" and its general plot, story line and characters, was publicized before its May 30, 2003 general release. Defendants fail to satisfy the requirements of Fed. R. Evid. 201(b). This is not a fact at all but opinion. Defendants' opinion is subject to reasonable dispute. Moreover, it is not generally known, and is not capable of accurate determination by resort to sources whose accuracy cannot reasonably be questioned. Exhibits A-L of the Roberts declaration do not support the fact asserted. The exhibits refer to the release of the movie, "Finding Nemo" and offer thin details but do not publicize its general plot, story line, and characters. Thus, the Court cannot take judicial notice of this fact.

2.     Defendants' contention that the movie, "Finding Nemo" was advertised in trailers preceding other movies and in television commercials in advance of its general release is subject to dispute, not generally known, and is not capable of accurate determination by resort to sources whose accuracy cannot reasonably be questioned. Defendants fail to provide any support for this request.

3.     Plaintiff disputes that it was "publicized" that Defendants would develop video games based on the film. Also, this purported fact is not generally known, and is not capable of accurate determination by resort to sources whose accuracy cannot reasonably be questioned. Exhibits J and K, print-outs from Pixar's website do not establish that the general public was even aware of these obscure press releases amounting to publicity that Defendants would develop video games.

4.     Plaintiff disputes that "[b]efore the May 30, 2003 release of the film, 'Finding Nemo,' Defendants publicized that they planned an extensive marketing campaign in connection with the film, as reported in Exhibit K to the Roberts Declaration." This is not a "fact" generally known, and is not capable of accurate determination by resort to sources whose accuracy cannot reasonably be questioned. Again, Exhibit K, a print-out of a Pixar web page fails to establish that Defendants engaged in an extensive marketing campaign.

5.     Exhibits M and N to Ms. Roberts Declaration do not establish as a fact the release date of "Finding Nemo" on DVD and videocassette. The articles mention that the movie has been released on DVD and videocassette, but do not establish a release date.

Robinson & Wood, Inc.
227 North First Street
San Jose, CA 95113
(408) 298-7120

6.    The Court cannot take judicial notice that the success of "Finding Nemo" on DVD was publicized as of November 2003 because such fact is subject to dispute, not generally known, and is not capable of accurate determination by resort to sources whose accuracy cannot reasonably be questioned. The articles in Exhibits M-S of the Roberts declaration do not establish that the general public knew anything of the purported success of the DVD.

7.    Defendants ask the Court generally to take judicial notice of all of the articles and websites attached to the Roberts Declaration, and presumably the content within each article. Plaintiff objects that the content contained in the articles do not necessarily support the disputed facts asserted, are subject to varying interpretation and are hearsay. Also, the accuracy of the content can reasonably be questioned. *See e.g. In re Avista Corp. Securities Litigation*, 415 F.Supp.2d 1214, 1217-1218 (E.D. Wash. 2005)(courts may only take judicial notice of adjudicative facts that are not subject to reasonable dispute).

Dated: January 10, 2008

                                              ROBINSON & WOOD, INC.

                                              By    /s/
                                              ARCHIE S. ROBINSON
                                              Attorneys for Plaintiff
                                              DEBORAH J. THOMAS

@PFDesktop\::ODMA/MHODMA/IMANAGE;IMANAGE;410208;1

Robinson & Wood, Inc.
227 North First Street
San Jose, CA 95113
(408) 298-7120

3

OBJECTIONS TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE            CV 07-04392 CW