1   ROBINSON & WOOD, INC.
    Archie S. Robinson, Esq. (Bar No. 34789)
2   asr@robinsonwood.com
    227 North First Street
3   San Jose, CA 95113
    Telephone:    (408) 298-7120
4   Facsimile:    (408) 298-0477

5   Attorneys for Plaintiff
    Deborah J. Thomas
6
    QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
7   Claude M. Stern (Bar No. 96737)
    claudestern@quinnemanuel.com
8   Evette D. Pennypacker (Bar No. 203515)
    evettepennypacker@quinnemanuel.com
9   Andrea Pallios Roberts (Bar No. 228128)
    andreaproberts@quinnemanuel.com
10  555 Twin Dolphin Drive, Suite 560
    Redwood Shores, California  94065-2139
11  Telephone:    (650) 801-5000
    Facsimile:    (650) 801-5100
12
    Attorneys for Defendants The Walt Disney
13  Company, Walt Disney Pictures, Disney Book
    Group, LLC, Pixar, and Disney Enterprises, Inc.
14
                UNITED STATES DISTRICT COURT
15
              NORTHERN DISTRICT OF CALIFORNIA
16
                    OAKLAND DIVISION
17

18  Deborah J. Thomas,                  CASE NO. 07-CV-04392 CW

19            Plaintiff,                **JOINT CASE MANAGEMENT
                                        STATEMENT**
20        vs.

21  The Walt Disney Company, Walt Disney
    Studios, Disney Press, Pixar Animation
22  Studios, Walt Disney Feature Animation, Walt
    Disney Pictures, Disney Enterprises, Inc., and
23  DOES 1 through 100, Inclusive,

24            Defendants.

25

26

27

28

1    Plaintiff Deborah J. Thomas and Defendants The Walt Disney Company, Walt Disney

2   Pictures, Disney Book Group, LLC, Pixar, and Disney Enterprises, Inc. (collectively

3   "Defendants") jointly submit this Case Management Statement and proposed Order and request

4   that the Court adopt it as its Case Management Order in this case.

5        1.    Jurisdiction and Service

6    The Court's subject matter jurisdiction is based on the exclusive jurisdiction provision of

7   the Copyright Act and the supplemental jurisdiction provision of 28 U.S.C. § 1367(a).  Service of

8   all named Defendants has been effected.

9        2.    Facts

10         a.    *Plaintiff's Position*

11   Plaintiff Deborah Thomas' ("Thomas") submitted an original literary work entitled

12  "Squisher the Fish" to Defendants on or about April 6, 2001.  Thomas obtained a certificate of

13  copyright registration for her story on April 27, 2004.  She submitted her story to Defendants for

14  the purpose of developing her story into a book or other commercial application. Thomas trusted

15  Defendants to evaluate her work and submitted her story with the understanding that it would be

16  in confidence and any use would be conditioned upon her authorization and compensation.

17  Defendants accepted and reviewed Thomas' work for nearly three months before returning it,

18  claiming it was their business practice to not accept outside story submissions.  Despite this

19  representation, Defendants used the story submitted by Thomas, and incorporated it into a movie

20  entitled "Finding Nemo."

21   The similarities between "Finding Nemo" and "Squisher the Fish" are overwhelming and

22  beyond mere coincidence.  The principal character of Defendants' movie is "Nemo" which is

23  patterned on Thomas' Squisher character.  Both "Nemo" and "Squisher" follow the story of a

24  young inquisitive fish from hatchling to his first day at a community place.  Both Nemo and

25  Squisher excitedly explore their home on a reef with their friends when they are captured by a

26  diver.  They are both taken to an aquarium for a child, where the principal characters become

27  acclimated to their new home.  The Nemo / Squisher stories follow each other lockstep in plot,

28  setting, and sequence.

1      In addition, the two stories share similar chase scenes and descriptions of the capture.

2   Defendants' movie borrows other characters and characteristics from Thomas' story, such as a

3   "hip" loggerhead turtle, and fish with distinctive injured fins.  Both stories explore themes of

4   friendship and wonderment for the ocean, and have a light mood and pace.  "Nemo" uncannily

5   borrows a song from Plaintiff's story, and has other parallels in dialogue.  Although "Finding

6   Nemo" adds to the "Squisher" story, Defendants' movie cannot begin or end without the Nemo

7   story.

8      Thomas first saw Defendants' movie "Finding Nemo" on June 6, 2003, at which time she

9   first became aware of Defendants' infringement and breach of her confidence.  She filed this

10  complaint on May 29, 2007.  Upon information and belief, Defendants continued to display the

11  movie in theaters after May 29, 2004.  Defendants have also sold and distributed the movie on

12  DVD and videocassette after May 29, 2004.  Furthermore, Defendants have distributed, displayed

13  and sold other merchandise based on "Finding Nemo."  Thomas' complaint seeks redress for all of

14  Defendants' acts of continuing infringement within the three years prior to her complaint.

15     Thomas' confidential submission of a novel and original work was conditioned on

16  payment and authorization to use that work.  Defendants knew or should have known of the

17  confidential nature of Thomas' story from its novelty and the surrounding circumstances of its

18  submission.  Defendants breached that confidential relationship by representing to Thomas that it

19  was their business practice to not accept outside story submissions, while at the same time

20  incorporating that work into a movie.  Defendants' conduct is an unlawful, unfair and fraudulent

21  business practice under California's Business and Professions Code.

22         b.    *Defendants' Position*

23     Plaintiff's copyright and unfair competition claims against Defendants are completely

24  meritless.  Even a cursory comparison of Plaintiff's "Squisher the Fish" and the motion picture

25  "Finding Nemo" reveals that the plot, themes, dialogue, mood, setting, pace, characters, and

26  sequence of events are completely different in each work.  The *only* possible similarities between

27  the two works are that the story takes place in the ocean; the main character is a fish; the story

28  includes other fish, a turtle, divers and a reef; and some characters are captured and put into a fish

1  tank.  Such similarities between unprotectible scenes a faire fail to support a copyright

2  infringement claim as a matter of law.

3      Plaintiff's unfair competition claim is similarly meritless.  According to Plaintiff's own

4  admissions, she sent Disney her work without any markings that might indicate confidentiality,

5  without asking for payment, and without any further communication.  There is simply nothing in

6  the facts to support the notion that any relationship, let alone a confidential one, was created

7  between Plaintiff and Defendants, and her unfair competition claim fails.

8      Plaintiff's claims are also barred by the statute of limitations.  "Finding Nemo" was

9  generally released on May 30, 2003.  Plaintiff admits that she saw that motion picture on June 6,

10  2003.  And, "Finding Nemo's" release on DVDs and videocassettes on November 4, 2003 was

11  widely publicized.  Yet, Plaintiff did not file this lawsuit until May 29, 2007.  The Copyright Act

12  allowed Plaintiff to wait three years to file suit, not more, and her copyright claim is barred by the

13  statute of limitations.  The evidence also demonstrates that the highly anticipated motion picture

14  "Finding Nemo" was widely publicized and released in limited engagements before May 30, 2003.

15  Plaintiff, who claims that she submitted her work to Disney in April 2001, knew or should have

16  known of her claim before May 30, 2003, and her unfair competition claim is also barred by the

17  four year statute of limitations.

18      3.    Factual Issues

19      The principal factual issues in dispute are:

20      • Whether Defendants had access to Plaintiff's work;

21      • Whether Plaintiff's work and "Finding Nemo" are substantially similar;

22      • Whether Defendants had a confidential relationship with Plaintiff;

23      • Whether there were any communications between Defendants and Plaintiff relating

24        to Plaintiff's work;

25      • When Plaintiff had knowledge of the theatrical release of "Finding Nemo," the

26        DVD and VHS release of "Finding Nemo;" and the merchandising of "Finding

27        Nemo;" and

28      • Whether Plaintiff has a registered copyright in the work she submitted to Disney.

4.    <u>Legal Issues</u>

The principal legal issues in dispute are:

- Whether Plaintiff's unfair competition claim is preempted by the Copyright Act;

- Whether Plaintiff's unfair competition claim is barred by the statute of limitations;

- Whether Defendants' alleged conduct constitutes an unfair, unlawful, or fraudulent business practice in violation of California Business & Professions Code § 17200;

- Whether Defendants' alleged conduct breached a confidential relationship with Plaintiff;

- Whether Defendants made any fraudulent representations to Plaintiff that they would not consider or use her work;

- Whether Plaintiff's copyright infringement claim is barred by the statute of limitations;

- Whether Defendants had access to Plaintiff's work;

- Whether Plaintiff's work and "Finding Nemo" are substantially similar;

- Whether the similarities between Plaintiff's work and "Finding Nemo" are protected under copyright law;

- Whether Plaintiff is entitled to damages on all products related to "Finding Nemo," or just those that are substantially similar to "Squisher the Fish" and were released after May 30, 2004;

- Which profits, if any, related to "Finding Nemo" are attributable to Defendants' alleged infringement;

- Whether there is an adequate remedy at law for the harm allegedly suffered by Plaintiff; and

- Whether Plaintiff's case is an exceptional case.

5.    <u>Motions</u>

Currently pending before the Court is Defendants' Motion to Dismiss Plaintiff's First Amended Complaint. Pursuant to a stipulation the parties filed on November 21, 2007, Defendants' motion will be heard on January 31, 2008.

1       If Defendants' Motion to Dismiss Plaintiff's First Amended Complaint does not dispose of

2   the entire case, both parties anticipate filing early summary judgment motions.

3       6.   <u>Amendment of Pleadings</u>

4       Plaintiff filed a First Amended Complaint on October 31, 2007 and, unless additional facts

5   are discovered in the course of discovery, does not anticipate any additional amendments.

6   Defendants have not yet filed an answer to Plaintiff's First Amended Complaint as their Motion to

7   Dismiss is pending.  The parties agree that the last date to amend pleadings shall be March 31,

8   2008.

9       7.   <u>Evidence Preservation</u>

10      The parties have taken steps to preserve evidence relevant to the issues in this action.

11      8.   <u>Disclosures</u>

12      The parties have not yet exchanged Initial Disclosures pursuant to Rule 26 and propose

13  that, unless this Court dismisses Plaintiff's lawsuit beforehand, such disclosures be served two

14  weeks after this Court issues an order on Defendants' Motion to Dismiss Plaintiff's First Amended

15  Complaint.

16      9.   <u>Discovery</u>

17      Neither party has taken any discovery.  The anticipated scope of discovery shall be related

18  to the factual and legal issues outlined above.  Both parties anticipate serving written discovery

19  and noticing depositions.  The parties agree that there is no need to limit or modify the discovery

20  rules in Federal Rule of Civil Procedure 26.  As detailed below, the parties propose that the close

21  of fact discovery be August 1, 2008 and the close of expert discovery be November 21, 2008.

22      10.   <u>Class Actions</u>

23      This case is not a class action lawsuit.

24      11.   <u>Related Cases</u>

25      There are not any related cases in any other courts.

26      12.   <u>Relief</u>

27      Plaintiff seeks actual damages and Defendants' profits resulting from their infringement.

28  Plaintiff may elect statutory damages for Defendants' infringement.  Thomas also seeks a

1  permanent injunction, enjoining Defendants from further infringement.  For the unfair competition

2  claim, Plaintiff seeks restitution resulting from Defendants' unfair business practices, and an

3  injunction enjoining such conduct.

4        13.     <u>Settlement and ADR</u>

5       The parties agree this case is appropriate for the Early Neutral Evaluation (ENE) program.

6  The parties have not engaged in any ADR efforts to date.

7        14.     <u>Consent to Magistrate Judge for All Purposes</u>

8       The parties do not consent to having a magistrate judge conduct all further proceedings.

9        15.     <u>Other References</u>

10       This case is not suitable for any other references.

11        16.     <u>Narrowing of Issues</u>

12       The issues in this case are relatively narrow and need not be narrowed any further.

13        17.     <u>Expedited Schedule</u>

14       This case does not require handling on an expedited basis.

15        18.     <u>Scheduling</u>

16       The parties agree upon and propose the following schedule:

| Two weeks after the Court issues an order on Defendants' Motion to Dismiss | Deadline to exchange initial disclosures |
| --- | --- |
| March 31, 2008 | Deadline to amend pleadings |
| August 1, 2008 | Close of fact discovery |
| September 5, 2008 | Exchange of opening expert reports |
| October 3, 2008 | Exchange of rebuttal expert reports |
| October 17, 2008 | Expert discovery opens |
| November 21, 2008 | Close of expert discovery |
| February 27, 2009 | Last date on which dispositive motions may be heard |
| March 24, 2009 | Pretrial Conference |

| (or at least 2 weeks before trial) | |
| --- | --- |
| April 6, 2009 | Trial |

19.    Trial

This case will be tried to a jury and trial will take 5-8 days.

20.    Disclosure of Non-Party Interested Entities or Persons

The following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in the subject matter or in a party that could be substantially affected by the outcome of this proceeding:

Disney Book Group, LLC: d/b/a of Defendant Disney Press.

Plaintiff knows of no interested parties that need to be disclosed.


DATED:  January 24, 2008                    ROBINSON & WOOD, INC.


                                            By /s/ Archie S. Robinson
                                               Archie S. Robinson
                                               Attorneys for Plaintiff Deborah J. Thomas

DATED:  January 24, 2008                    QUINN EMANUEL URQUHART OLIVER &
                                            HEDGES, LLP


                                            By  /s/ Evette D. Pennypacker
                                               Evette D. Pennypacker
                                               Attorneys for Defendants The Walt Disney
                                               Company, Walt Disney Pictures, Disney Book
                                               Group, LLC, Pixar, and Disney Enterprises, Inc.

1

**<u>Case Management Order</u>**

2          The Case Management Statement and Proposed Order submitted by the parties is hereby

3   adopted by the Court as the Case Management Order for the case and the parties are ordered to

4   comply with this Order.

5

6   DATE:_____          _____

7                                                                   United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

### Signature Attestation

2      I hereby attest that Plaintiff's counsel, Archie S. Robinson, read and agreed to the above

3  **JOINT CASE MANAGEMENT STATEMENT** and gave Quinn Emanuel permission to sign

4  and file the stipulation on his behalf.

5  DATED:  January 24, 2008                    QUINN EMANUEL URQUHART OLIVER &
                                               HEDGES, LLP
6

7                                               By_/s/ Evette D. Pennypacker_____
8                                                 Evette D. Pennypacker
                                                  Attorneys for Defendants The Walt Disney
9                                                 Company, Walt Disney Pictures, Disney Book
                                                  Group, LLC, Pixar, and Disney Enterprises, Inc.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28